PORTER FLEMING, administrator, plaintiff in error, vs. WIL-
LIAM H. COLLINS, defendant in error.

A Court of Equity will not enjoin an administrator from suing to recover a tract
of land, for the benefit of the heirs, notwithstanding the seven years bar
has attached, when one of the only two heirs, was before and at the time of
the intestate's death, and has been ever since, *non compos mentis;* and the
other a *feme covert,* abandoned by her husband, who would not sue, and the
wife, by reason of her coverture, could not.

In Equity, from Gilmer county.   Decision by Judge RICE,
October Term, 1858.

This was a bill filed by William H. Collins, against Porter
Fleming, administrator of John A. Meigs, deceased, to en-
join Fleming from prosecuting an action of ejectment against
complainant, for lot of land No. 175, in the seventh district,
and second section of Gilmer county.

The bill alleges, that complainant purchased said land on
the 25th August, 1847, from one James S. Hood, who con-
veyed the same by deed to complainant, who entered upon
it, and has held possession ever since; erected improvements,
planted orchards, cleared land, and has had full, notorious
and uninterrupted possession of the premises from the time
of said purchase, up to the period of filing his bill.

The bill further states, that said Fleming has brought suit
against complainant for said land; that said suit is by
Fleming as the administrator of one John A. Meigs, de-
ceased, and that he relies upon a grant from the State to his
intestate, who died more than ten years before the commence-
ment of the action; that there are no debts against said de-
ceased, and the heirs and distributees labored under no dis-
ability, and that complainant is entitled to the equitable bar
of the statute of limitations to protect him against the action
at law.   The injunction was granted.

Defendant, Fleming, answered that he had been appoint-

Fleming vs. Collins,

ed administrator of John A. Meigs, deceased, who died in November, 1845; that he was appointed administrator, September, 1855; that he relied upon a grant from the State, to his intestate, John A. Meigs; that he did labor under a disability which prevented him from asserting his title to said land; that he was *non compos*, more helpless than an idiot, deaf and blind from his birth; that defendant was appointed administrator within less than seven years prior to the commencement of the action of ejectment, and he submits that the statute of limitations cannot avail the defendant at law, neither is he entitled to its equitable bar in equity; that complainant bought said land from Hood, and relied solely upon Hood's title; that he paid only thirty dollars for the lot, worth several hundred. That the heirs of defendant's intestate, are his two sisters, one of whom, Eliza Meigs, is, and long anterior to death of intestate, was, an idiot or lunatic, and an inmate of an Asylum, and dependent upon charity for a support; that the other sister is a *feme covert,* having a husband living, though she is separated from him. Admits that there are no debts against deceased.

Upon the coming in of the answer, defendant moved to dissolve the injunction, upon the ground that the equity of the bill had been fully sworn off.

The Court refused the motion to dissolve, and defendant excepted.

DAWSON A. WALKER, for plaintiff in error.

WM. M. MARTIN, represented by COLLIER, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

Ought the injunction in this case to have been retained? Clearly not, as to the right of the plaintiff to recover one-half of the land sued for.

Lyon, Sheriff, vs. Wilcher.

John A. Meigs, the intestate of Porter Fleming, had but two heirs; one an idiot sister, who, before and at the time of his death, and ever since, has been *non compos mentis*, and the inmate of an Asylum. How is it as to the other half? The only other heir was a *feme covert*, who as the answer alleges, was abandoned by her husband, when the right to this property accrued, and has been ever since. Should a Court of Equity restrain the administrator from recovering her share of this land, when she could not sue for it herself, and her husband would not? Is not her equity as good, if not better than the defendant's, who comes into a Court of Equity and asks its aid to protect his statutory title, purchasing as he did, from one, who had no title to the land, and made no pretence even, that he was the true owner?

Should this moiety of land be recovered by the administrator, it will not be for the benefit of the husband, who had a right to sue, but it will be settled upon the deserted wife, who, being under coverture, could not move in the matter.

Situated as this woman is, it seems to us, that her's is the better equity of the two; and we so decide.

Judgment reversed.