## BROWN *v.* CARMICHAEL *et al.*

1. A contract executed by one who is insane at the time is invalid.
2. A deed absolute on its face and accompanied with possession of the property cannot be reformed by parol evidence, at the instance of one of the parties, into a mortgage, unless fraud in its procurement is the issue to be tried.
3. Insane persons, who are such when a cause of action accrues, shall be entitled to the same time to bring an action after the disability is removed as is prescribed for other persons under the code, who are under disability. The present suit was not barred.
4. The petition in this case, which prays for the cancellation of the deed in controversy, sets out a cause of action. It does not set out a cause of action for reformation of the deed so as to convert it into a mortgage.

                    No. 1431. NOVEMBER 19, 1919.

Equitable petition. Before Judge Hardeman. Emanuel superior court. April 15, 1919.

James M. Brown filed his petition against J. L. Carmichael, praying for cancellation of a certain deed, and for other relief: The petition alleged, in substance, as follows: J. L. Carmichael was in possession of a certain tract of land containing 864 ½ acres. During and prior to the years 1902 he became involved in debt in an amount exceeding $3,000, which he was unable to pay without a sacrifice of some of his property. In this condition Mrs. M. M. McLeod, afterwards Mrs. M. M. Carmichael, the wife of the defendant, agreed with the plaintiff to take over the land and to advance

to him $3.50 per acre for the timber belonging to the plaintiff on the land, which had not been reserved by her and Mrs. Sarah A. Edenfield in their deed to him of a certain date, to be applied on his debts, and which sum would satisfy a very large part of the debts due by him. Mrs. Carmichael agreed also to sell the timber from the land as soon as she could get a reasonable price, and pay whatever amount she received from the timber in excess of the advancement, if any, to be further applied on the debts of plaintiff; and that if any other of his debts were then unsatisfied, she would pay them and satisfy herself from the rents and profits arising from the land, after which she would reconvey and redeliver the land to him. In pursuance of this agreement the plaintiff delivered to Mrs. M. M. Carmichael the land in controversy, and she failed to make the advance of $3.50 per acre, which she agreed to make on the timber. She sold the timber on the land, and failed to account to him for the amount of the purchase-price thereof, or to apply the same on his indebtedness. She received from the sale of the timber $10,000, and only accounted to him for $2,000, which was insufficient to meet his obligations. She failed to account to him for the rents and profits arising from the use of the land, as she had agreed to do, or apply the same to his debts, except the $2,000 aforesaid. J. L. Carmichael holds the land under his wife, who held under plaintiff. J. L. Carmichael was fully cognizant of the agreement entered into between the plaintiff and Mrs. Carmichael, and himself agreed with the plaintiff in the arrangement, concurring in and furthering the same, and took the land with full knowledge that it belonged to plaintiff, and that it had been delivered to Mrs. Carmichael under the agreement aforesaid, the terms of which had not been met, and that the plaintiff was entitled to a reconveyance of the land. The deed from plaintiff to Mrs. Carmichael, dated Dec. 9, 1902, was made for the purpose aforesaid, and not for the purpose of conveying absolute title to her. Plaintiff has been deterred by the acts of J. L. Carmichael from bringing this action sooner. After the death of Mrs. Carmichael, which occurred on Dec. 31, 1905, Carmichael, the defendant, took charge of the estate of his wife. Shortly after her death the plaintiff approached the defendant and asked him about the land and about his carrying out the agreement hereinbefore set out, when the defendant answered that he would carry

out the agreement and turn the land over to him and pay him the balance due him on the timber sold therefrom; but he has failed to do so. Plaintiff was further deterred from bringing this action by reason of the fact that he was a "dope fiend," and had not been in condition mentally or physically to attend to business, which condition was fully known to the defendant. Plaintiff was cured of this habit in the summer of 1915, when he immediately began his efforts to recover from the defendant the land and rents and profits therefrom. The defendant has, during each and every year since December 31, 1903, received the rents and profits of the land of the annual value of a thousand dollars. The defendant received the money arising from the sale of the timber from the land belonging to the plaintiff, in the sum of $8,000, and sold timber from the land since the year 1903 of the value of $6,000. The plaintiff prayed that his deed to Mrs. M. M. Carmichael, dated Dec. 19, 1902, be canceled; that the defendant be required to reconvey the land to him; and that he have judgment against the defendant for the value of the timber sold by him and Mrs. Carmichael, before her death, and for the rents and profits arising from the use of the land since Jan. 1, 1904. At the appearance term the defendant demurred to the petition, on the grounds that it set forth no cause of action; that it appeared therefrom that it was barred by the statute of limitations; that the alleged agreement between plaintiff and his predecessor in title was void under the statute of frauds; that defendant is under no legal obligation to account to the plaintiff for the timber sold, or rents received by him from the property; that there was no privity of estate alleged which would bind the defendant to the obligation of his predecessor in title; that plaintiff's remedy, if any, would be against Mrs. Carmichael, or her legal representative; and that the agreement between plaintiff and Mrs. Carmichael was nothing more than a conveyance of his property for the purpose of defrauding his creditors, and for this reason he had no standing in a court of equity. A number of special demurrers to the petition were filed, which were met by amendments, including one making J. F. Price, administrator of Mrs. Carmichael, a party defendant; and one alleging that at the time he executed the deed to Mrs. Carmichael and ever since the plaintiff has "been insane, not possessing sufficient mind and reason equal to a full and clear understanding of the nature of any act

done by him. This state of mind was brought about prior to December 19, 1902, and has ever since so continued, on account of the habitual use of opiates and other drugs to which your petitioner has been unfortunately addicted." It was also alleged in the amendment, that on account of the want of reason and judgment the plaintiff did not understand and appreciate the effect of making an absolute deed in fee simple to Mrs. Carmichael, and that the effect of such deed, when he surrendered possession to the grantee, would be to prevent him from showing that the deed was made solely for the purpose of securing the money advanced by her to him. Wherefore plaintiff prayed that the deed made by him to Mrs. Carmichael be canceled and he recover from defendant the land in controversy. After the petition was amended, the defendant renewed his demurrer, which was sustained by the court, and the plaintiff excepted.

*T. N. Brown, B. T. Rawlings,* and *Hines, Hardwick & Jordan,* for plaintiff. *Williams & Bradley,* for defendants.

HILL, J. (After stating the foregoing facts.)

1. Under the foregoing statement of facts there is but one ground upon which the plaintiff can legally stand; and that is, that at the time he executed the absolute deed to Mrs. Carmichael and delivered possession of the land to her, he was non compos mentis— "incapable of that strength of mind and reason equal to a clear and full understanding of his act in making a contract,"—in other words, that he was afflicted with an entire loss of understanding, and for that reason the deed was invalid. For, if he was compos mentis and gave up possession of the land to the grantee, he cannot show, in the absence of fraud in the procurement, that the deed was made merely to secure a debt. It is the law of this State that a deed absolute on its face, and accompanied with possession of the property, shall not be proved (at the instance of the parties), by parol evidence, to be a mortgage only, unless fraud in its procurement is the issue to be tried. Civil Code, § 3258; *Wilkes* v. *Carter,* 149 *Ga.* 240 (99 S. E. 860), and cases cited. But are the allegations of the petition sufficient to show that the plaintiff was afflicted with an entire loss of understanding? In *Barlow* v. *Strange,* 120 *Ga.* 1015, (2), 1017 (48 S. E. 344), Cobb, J., said: "Error is assigned upon the following charge: 'A person is insane when he or she is not possessed of mind and reason equal to a

full and clear understanding of the nature and consequence of his or her act in making the contract.' In other grounds of the motion for new trial error is assigned upon other charges, which simply apply the rule above stated to the facts of the case. The assignment of error in each ground is that the charge does not contain a sound proposition of law. A charge in almost the same language as that complained of was, in *Frizzell* v. *Reed, 77 Ga.* 724, held to be sound law, although it was there said that it was not appropriate to the peculiar facts of that case. See also, in this connection, Clark on Contracts, 263, § 141. In *Maddox* v. *Simmons, 31 Ga.* 512, 527, Judge Lumpkin used this language: 'I assume, in the first place, that to establish incapacity in a grantor, he must be shown to have been, at the time, *non compos mentis,* in the legal acceptation of that term, which means, not a partial, but an entire, loss of understanding.' The rule thus laid down has been approved in two cases. See *Nance* v. *Stockburger,* 111 *Ga.* 821 [36 S. E. 100], and cit. There is no conflict between this rule and the one laid down in *Frizzell* v. *Reed.* Both recognize that in order to avoid a contract on account of mental incapacity, there must be an entire loss of understanding. The first case recognizes it in terms, and the second in effect. For one who has not strength of mind and reason equal to a clear and full understanding of his act in making a contract is one who is afflicted with an entire loss of understanding." It will be observed from the foregoing that one who has not strength of mind and reason equal to a clear understanding of his act in making a contract is one who is afflicted with an entire loss of understanding. The language of the amendment to the petition is almost in the words of the decision in the *Barlow* case, supra, and was evidently written in view of it, for it is alleged that the plaintiff at the time of the execution of the deed and ever since has been "insane, not possessing sufficient mind and reason equal to a full and clear understanding, of the nature of any act done by him." Assuming this to be true, as we must on demurrer, it follows that the plaintiff was incapable of making a contract at the time he executed the deed, and that his mind has remained in that condition ever since that time.

2. The statute of limitations is invoked in this case as a bar to a recovery by the plaintiff in error. Our law declares that insane persons, who are such when the cause of action accrues, shall

be entitled to the same time, after the disability is removed, to bring action, as is prescribed in the code for other persons. Civil Code, § 4374. The petition alleges that the plaintiff was insane at the time of the execution of the deed, and that he remained so until 1914. Assuming the allegations to be true, the plaintiff is not barred from bringing his action by reason of the bar of the statute, or from laches.

3. The court sustained a general demurrer to the petition, and did not pass upon the special demurrers. The administrator upon the estate of Mrs. Carmichael was made a party defendant. The petition sets out a cause of action so far as a cancellation of the deed is concerned, and for recovery of the land in controversy, and mesne profits. It does not set out a cause of action for reformation of the deed, so as to change it from one absolute on its face to be a mortgage only. The court having passed only on the general demurrer, this court will not consider the grounds of special demurrer.        *Judgment reversed. All the Justices concur.*