BROWN *v.* CARMICHAEL *et al.; et vice versa.*

GILBERT, J. 1. When considered in connection with the evidence in the case and the entire charge, it is not cause for a new trial, that the court refused to give in charge to the jury the following, on written request duly presented: "The ignorance by one party to a deed that the other party was insane when it was executed will not protect such grantee against an attack on such deed, if the grantor was of unsound mind when it was executed.

2. For the reason stated in the preceding headnote, it is not cause for a new trial that the court refused to give in charge to the jury the following, on written request duly presented: "If you should find that J. M. Brown was afflicted in body and mind from the excessive use of

intoxicating liquors and morphine or other forms of opium, that he had little or no will power, that he was greatly under the influence of his sister, Mrs. M. M. Carmichael, who obtained a conveyance of this property from him, although evidence as to his sanity or insanity may be conflicting on a proceeding by him to cancel such deed, it should be made to appear that such contract was fair, honest, and free from fraud and undue influence of the controlling mind."

3. Considered in connection with the evidence, the court did not err in charging the jury " that where an act is done by one incapable because of infancy, or because of mental incapacity, that act may be ratified thereafter, either expressly or by implication; as, for instance, a minor who arrives at majority must within a reasonable time disclaim his act, or he may upon majority immediately expressly ratify his act, at which it becomes binding, or, without express ratification, he may by lapse of time, with knowledge of the act, by implication ratify it; so one who is mentally incapable of making a deed or contract may expressly, after being restored to mental capacity, ratify an act, or may, by lapse of time after restoration of mental capacity, sound mind, by implication ratify an act." *Strickland* v. *Parlin-Orendorf Co.*, 118 *Ga.* 213 (3), 218 (44 S. E. 997); *McClure Realty &c. Co.* v. *Eubanks,* 151 *Ga.* 763 (108 S. E. 204); 1 Devlin on Real Estate (3d ed.), 123 § 77.

4. Considered in connection with the evidence, the court did not err in charging the jury as follows: " Where one mentally unsound and incapable of entering into a contract or conveying property becomes thereafter of sound mind and has notice of the act that he did at a time when he was incapable of acting, then, says the law, within a reasonable time thereafter he must reject and repudiate the act; and it is a question for the jury to say whether or not then he was incapable mentally of entering into a contract and making a deed. If he was, that is not involved. If he was not, then it is a question for the jury to say whether or not he thereafter became of sound mind, and whether or not he thereafter had knowledge or notice of the facts, by reason of any facts that were brought to his attention, that this conveyance had been made and that Carmichael was in possession, claiming title thereto; if he did, then it is a question for the jury to say whether or not he within a reasonable time thereafter proceeded to disclaim and disavow the act which he had done, as he contends, at a moment when he was mentally incapable of doing it. If he did not move within a reasonable time (and it is a question for the jury to say whether or not he did), if he did not, it is a question for the jury to say whether or not it amounts to a ratification; because a man cannot do a thing that he is mentally incapable of doing, and thereafter, after restoration of reason, ascertain that it had been done and remain silent an unreasonable length of time, because, if he does, it amounts to a ratification of an act that had been done at a time when he was mentally incapable of doing it."

5. The court did not err in rejecting the amendment offered by the plaintiff, which sought to have his warranty deed construed as a trust deed for his benefit. This would have been to establish an express

trust, which must be created or declared in writing. Civil Code (1910), § 3733.

6. The verdict is supported by evidence. The court did not err in overruling the motion for a new trial.

*Judgment on the main bill of exceptions affirmed. Cross-bill of exceptions dismissed. All the Justices concur.*

Nos. 2548, 2549. DECEMBER 13, 1921.

Equitable petition. Before Judge Hardeman. Emanuel superior court. March 10, 1921.

This was a suit seeking cancellation of a deed made by the plaintiff to Mrs. M. M. Carmichael, wife of the defendant. The matter was before us on a previous occasion. For a full statement of the pleadings as the case then stood, see *Brown* v. *Carmichael,* 149 *Ga.* 548 (101 S. E. 124). During the trial of the case the plaintiff moved to strike from his original petition the allegation that he did, in pursuance of the agreement (as set forth in the report of the case when previously here) deliver the land involved to Mrs. M. M. Carmichael. He also moved to amend the petition by alleging, that Mrs. Carmichael was his sister; that in 1895, because of his want of capacity to manage the same, she took possession of the land involved, and managed and controlled the same for petitioner's benefit, and paid to him the rents and profits thereof; that the deed of December 19, 1902, by which petitioner conveyed the land to Mrs. Carmichael, was made because petitioner was incapable of transacting business or managing his property, and in order that Mrs. Carmichael might keep and hold said land for his use and benefit, and to the end that the same could not be squandered by him; that said deed was void because petitioner was mentally incapable of making the same; but if the instrument should be determined to be valid, then he pleads that under all the circumstances of the case it should be declared that Mrs. Carmichael held the land as trustee for his use and benefit. This amendment was rejected, and error is assigned upon exception taken pendente lite. The trial resulted in a verdict for the defendants. A motion for new trial filed by the plaintiff having been overruled, error is assigned. In a cross-bill of exceptions sued out by the defendants error is assigned upon exceptions taken pendente lite to the overruling of their demurrer, and the striking of their plea in bar.

*Hines & Jordan, B. T. Rawlings,* and *T. N. Brown,* for plaintiff.
*A. S. Bradley,* for defendants.