### HOLBROOK *v.* MONTGOMERY.

HINES, J.  1. The deed of an infant is voidable at his pleasure at majority. Civil Code (1910), § 4184.

2. The infant may disaffirm the deed within a reasonable time after attaining majority; and if she fails to do so, the right of avoidance on the ground of infancy will be lost.  What is a reasonable time will depend upon the facts of each case, but not be longer than seven years after the disability is removed.  *Nathans* v. *Arkwright*, 66 *Ga.* 179; *McGarrity* v. *Cook*, 154 *Ga.* 311 (114 S. E. 213).

3. When the lapse of time after majority is not longer than seven years, what is a reasonable time for the disaffirmance by an infant of her deed is a question for the jury, under all the facts of the case.  *Brown* v. *Carmichael*, 152 *Ga.* 353 (4) (110 S. E. 3).

4. The contracts of an infant under twenty-one years of age are void, except for necessaries, and then only upon proof of the party furnishing them that the parent or guardian fails or refuses to supply sufficient necessaries for the infant; but if the infant receives property or other valuable consideration, and after arrival at age retains possession of such property, or enjoys the proceeds of such valuable consideration, such ratification of the contract shall bind her.  Civil Code (1910), § 4233.

5. While an infant should not be allowed to avoid her contract without making restitution of any money or property which she has received under the contract, yet she is not required to make restitution as a condition precedent to a disaffirmance, unless at the time of disaffirmance she has the fruits of the contract in her possession.  If she can not restore, she is not required to do so.  *Shuford* v. *Alexander*, 74 *Ga.* 293; *Southern Cotton Oil Co.* v. *Dukes*, 121 *Ga.* 787 (4) (49 S. E. 788); *Gonackey* v. *General Accident &c. Corporation*, 6 *Ga. App.* 381 (65 S. E. 53).

6. A charge to the jury "that if this plaintiff, while she was an infant, borrowed money from the defendant and gave the deed in question as

---

Infants, 31 C. J. p. 1019, n. 42; p. 1020, n. 46; p. 1026, n. 18; p. 1058, n. 57; p. 1065, n. 75, 80; p. 1066, n. 91; p. 1070, n. 63.

security for the money, and took the money and invested it in property which she kept for a considerable length of time after she became 21 years old and used and enjoyed the same, and did not restore to the defendant the money thus obtained from the defendant or the proceeds thereof, this would be such a ratification of the transaction as would authorize you, if you believe these facts to be true, to find in favor of the defendant," was erroneous for the reasons, (a) that under the rulings above enunciated it was a question for the jury to determine, under all the facts, including those referred to in this instruction, whether the plaintiff had ratified the deed which she made to the defendant; and (b) that this instruction ignored the question of the ability of the plaintiff, at the time she disaffirmed the deed, to make restoration.       *Judgment reversed. All the Justices concur.*

No. 6289. JANUARY 13, 1928.

Petition to cancel deed. Before Judge Wood. Forsyth superior court. September 17, 1927.

Alta Holbrook brought suit against Noah E. Montgomery, and made these allegations: On November 8, 1919, when a minor seventeen years of age, she made to the defendant a deed to a described tract of land to secure debt. Since reaching her majority she has not in any way affirmed or ratified the making of said deed, and now expressly disaffirms her act in executing it, and expressly asserts and insists that said deed is void; and she brings this suit for the purpose of having the same declared void. She prays for its cancellation. In his answer the defendant alleged that, from lack of information, he could neither admit nor deny that petitioner was a minor when she executed said deed; but he denied the allegation that she had not ratified its execution after reaching her majority. The only evidence introduced on the trial was by the plaintiff. The substance of her testimony is as follows: She was born on September 30, 1901, and was seventeen years of age when she made the deed to secure a loan of $200. She and her husband both signed the note and deed. With the money so borrowed she made a payment on an automobile which she bought from one Bell. She gave to Bell a mortgage-note for the balance of the purchase-money of the automobile, which amounted to about $500. Bell traded her note to the Farmers and Merchants Bank. Later on this bank pressed her for the payment of this note. She and her husband borrowed some money from the Bank of Cumming, and paid some more money on this note. Afterwards the former bank foreclosed the mortgage given by her for the balance of the purchase-money of the automobile,

and the car was sold under the foreclosure proceeding. It did not pay the balance due on the debt. She and her husband used the car about one year after she became of age.

The jury returned a verdict for the defendant. The plaintiff moved for a new trial on the formal grounds, and upon the special ground dealt with in the last headnote. The motion was overruled.

*J. P. Brooke,* for plaintiff. *A. B. Tollison,* for defendant.