## Morris, administrator, *v.* Mobley *et al.*

Atkinson, J. 1. An allegation of a petition to set aside a deed on the ground of mental incapacity of the grantor, that such grantor "was not of sound mind and was incapable of looking after her own business affairs," is an allegation of fact, and is not demurrable on the ground of being a mere conclusion of the pleader.

2. Allegations of a petition of the character mentioned in the preceding syllabus, that the grantor "was not of sound mind and was incapable of looking after her own business affairs" and did not have "sufficient mental capacity to make a valid deed" at the time the deed was executed in 1905 and from that date up to the time of her death in 1926, and that the deed was void on account of such mental incapacity, sufficiently alleged invalidity of the deed. *Brown* v. *Carmichael,* 149 *Ga.* 548 (101 S. E. 124). And inasmuch as time does not run against persons laboring under disability to contract on account of unsoundness of mind (*Taylor* v. *Colley,* 138 *Ga.* 41, 74 S. E. 694; *Brown* v. *Carmichael,* supra; *Fleming* v. *Collins,* 27 *Ga.* 494; *LaGrange Mills* v. *Kener,* 121 *Ga.* 429, 49 S. E. 300), the petition was not demurrable on the grounds (a) that it failed to allege why the grantor did not bring suit during her lifetime; (b) that, on account of the long lapse of time between execution of the deed in 1905 and institution of the suit in 1929, the plaintiff's demand has become stale and is barred by the statute of limitations; (c) that no facts are alleged which would take the case out of the bar of the statute of limitations.

3. When the petition in the instant suit is construed in its entirety in connection with the prayers, it is an equitable action by an administrator to recover land for the estate of a grantor since deceased, and to cancel the deed executed by the grantor and other deeds in a chain of title from the grantee to the defendants.

4. "As against one not an heir, an administrator may maintain an action for the recovery of land belonging to the estate of his intestate, without showing a necessity to administer the land for the purpose of paying debts." *Green* v. *Grant,* 108 *Ga.* 751 (2) (32 S. E. 846); *Mayor &c. of Chauncey* v. *Brown,* 99 *Ga.* 766 (2) (26 S. E. 763); Civil Code, § 3933.

(a) In the instant case the suit by the administrator of the grantor is against persons other than the heirs of the intestate, and comes within the principle above stated.

(b) The petition was not demurrable on the ground that the plaintiff did not show a right to sue, on account of failure to allege a necessity to sell the land for the payment of debts, or on the ground that the

right to sue was solely in the heirs at law, or on the ground that the plaintiff did not have title and was not a privy in blood or estate with his intestate.

(c) The foregoing is not in conflict with *Hoyt* v. *Ware*, 156 *Ga.* 98 (118 S. E. 734), and other similar cases applying the principle of the Civil Code, § 3934, providing that the administrator may recover possession of property from "the heirs at law" where the property has been taken from his possession or where it is necessary to have possession for the purpose of paying debts, etc.

5. "The contract of an insane person who has not been adjudged a lunatic by a court of competent jurisdiction is voidable after his death, at the instance of his legal representative." *Orr* v. *Equitable Mortgage Co.*, 107 *Ga.* 499 (33 S. E. 708); *Bunn* v. *Postell*, 107 *Ga.* 490 (33 S. E. 707); *McClure Realty &c. Co.* v. *Eubanks*, 151 *Ga.* 763 (108 S. E. 204); *Warren* v. *Federal Land Bank*, 157 *Ga.* 464 (122 S. E. 40, 33 A. L. R. 45). The allegation that the defendants "knew" of the mental incapacity of the grantor was immaterial to the plaintiff's case (*Warren* v. *Federal Land Bank*, supra, and cit.); but the ground of demurrer complaining that such allegation was a mere conclusion of the pleader is without merit.

6. The general rule is that in order for a plaintiff to maintain an equitable petition to remove a cloud upon his title he must allege and prove possession in himself. An exception to this rule is that where there is any other distinct head of equity jurisdiction sufficient to support the action, possession of the plaintiff is not required, but equity will retain the cause and grant relief by quieting the title or removing clouds. *Mentone Hotel &c. Co.* v. *Taylor*, 161 *Ga.* 237 (130 S. E. 527). The petition being of the character set forth in the third syllabus, supra, and alleging a cause of action for recovery of the property, so much thereof as sought cancellation was not demurrable on the ground that it failed to allege that the plaintiff was in possession of the land.

7. The deed expressing a consideration "of one dollar in hand paid, and the further consideration of love and affection" for the grantee, was prima facie a contract of sale (*Rich* v. *Rich*, 147 *Ga.* 488 (3), 94 S. E. 566), and was inhibited by the provisions of the Civil Code, § 3009, which declares that "No contract of sale of a wife as to her separate estate with her husband or her trustee shall be valid, unless the same is allowed by order of the superior court of the county of her domicile."

8. The defendant T. J. Mobley was a necessary party in so far only as relates to cancellation of the deed from P. G. Mobley to him and his deed to P. W. Mobley individually. T. J. Mobley was not served, and did not appear or otherwise waive service. In these circumstances the court could not decree cancellation of the deeds last mentioned, and the judgment dismissing the case was not erroneous in so far as it related to cancellation of those deeds.

9. It was not necessary to allege the names of the heirs at law of the plaintiff's intestate.

10. Other grounds of demurrer not specially dealt with were sufficiently met by amendment to the original petition.

11. The petition alleged a cause of action, except as stated in the 9th

226

syllabus, and the judge erred in sustaining the demurrer and dismissing the suit in its entirety.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

No. 7552.   SEPTEMBER 25, 1930.

228

*Maddox, Matthews & Owens,* for plaintiff.
*M. B. Eubanks,* for defendants.