ON MOTION TOR REHEARING.
Beck, Presiding Justice.
It is insisted by the movants that no recovery could be had against Wesleyan College, because it does not appear that Wesleyan College has ever received any of the rents and profits from this land. In the view we take of the case, this fact is immaterial. The clause under consideration was in the nature of a covenant running with the land (Atlanta, Knoxville & Northern Railway Co. v. McKinney, 124 Ga. 929, supra), and by it the land itself was charged with the payment of $100 monthly from rents and profits. The proper interpretation is not simply that the rents and profits were charged, but that the land itself was burdened with the obligation to pay the stipulated amount from the rents .and profits. That is to say, the payments will be required so far as the rents and profits’ are sufficient, but not otherwise. The condition is whether the rents and profits are sufficient, and not whether such rents and profits have been received by the party sued. So far as they are sufficient for that purpose, the payments must be made. In Hitchcock v. Culver, supra, the deed expressly declared that there was no charge “upon the land itself.” Since under the deed involved in the instant case there was a charge upon the land itself, the grantee and its successors in title are subject to be sued in equity by the beneficiary or his assigns. Wesleyan College in accepting the deed specifically agreed to pay the amounts from the rents and profits, and could not relieve itself from this obligation merely by-conveying its rights to another, even though it did not afterwards, receive the rents and profits. But it is further contended that the petition was fatally defective for other reasons, and that its dismissal should be affirmed regardless of the reason given by the judge. It is insisted that the college made its conveyance to Mrs. Bedfern at the instance of J. B. Proctor, the original beneficiary, and in settlement of all obligation to him; and that, since this conveyance was made without any notice either to the college or to Mrs. Bedfern that J. B. Proctor had assigned his interest to these plaintiffs, there *188 can be no recovery against either defendant, and consequently the judgment dismissing the action should be affirmed. There is no merit in this contention. The petition is being cpnsidered on demurrer, and the allegations must be taken as true. The assignment by J. B. Proctor to these plaintiffs recites a consideration of $1, and the other portions of it do not completely negative this recital. The assignment, therefore, does not appear upon its face to be voluntary. Martin v. White, 115 Ga. 866 (supra); Morris v. Mobley, 171 Ga. 224 (7) (155 S. E. 8). Since the clause now under consideration was in the nature of a covenant running with the land and charged the land with compliance with it, the beneficiary had an equitable interest in the land, and the instrument by which he assigned and conveyed his interest to the plaintiffs was the equivalent of a deed to real estate, and as such was recordable under the law in the county where the land was situated. Its record therefore amounted to constructive notice to the defendants, and the subsequent transaction between the assignor and these defendants was necessarily subject to the rights held by the plaintiffs under the assignment.
Furthermore, in paragraph 6 of the petition, it was alleged that the conveyance and assignment to the plaintiffs was “immediately” recorded; and in paragraph 8, that “actual notice of said conveyance and assignment from J. B. Proctor to petitioners was immediately given to said college.” So much as to Wesleyan College. In paragraph 9 it was alleged as to Mrs. Bedfern, that “since she took with full notice of said equitable lien and charge in favor of petitioners, she took said land and holds the same subject to said charge and lien.” As against a mere general demurrer these averments were sufficient to allege that each of the defendants had actual notice of the plaintiffs’ rights at the time of the transaction between them and J. B. Proctor. Should it appear upon the trial that the assignment made to the plaintiffs by J. B. Proctor was in fact voluntary, and that neither defendant had actual notice of such assignment at the time of the subsequent transaction with J. B. Proctor, a different case might be presented.

Motion for rehearing denied.

All the Justices concur, except Gilbert, J., who dissents.