19410. LOWERY *v.* BROWNING, Next Friend.

ARGUED JULY 9, 1956—DECIDED SEPTEMBER 7, 1956.

588

*Joe W. Rowland,* for plaintiff in error.

*Carl K. Nelson, Nelson & Nelson,* contra.

HEAD, Justice. "A general demurrer goes to the whole pleading to which it is addressed, and should be overruled if any part thereof is good in substance." *Pierce* v. *Harrison,* 199 *Ga.* 197, 198 (3a) (33 S. E. 2d 680); *Reardon* v. *Bland,* 206 *Ga.* 633 (5) (58 S. E. 2d 377). In the present case the motion to dismiss, in the nature of a general demurrer, and the general demurrers were properly overruled if the petition stated a cause of action for any of the relief prayed.

It has been held by this court that a wife who was incompetent at the time the divorce decree was granted might sue by next friend to vacate and set aside the decree. *Chambers* v. *Chambers,* 206 *Ga.* 796 (58 S. E. 2d 814).

Despite an adjudication of insanity, if no guardian has been appointed, the validity of a contract depends upon sanity at the time of the execution of the contract. In such a case the law presumes a continuance of insanity, and one contracting with such person has the burden of proving sanity at the time the contract is executed. *Akin* v. *Akin,* 163 *Ga.* 18 (2) (135 S. E. 402); *Martin* v. *Martin,* 185 *Ga.* 349 (195 S. E. 159); *Summer* v. *Boyd,* 208 *Ga.* 207, 211 (3) (66 S. E. 2d 51). In the present

case, in so far as the divorce decree between the parties is concerned, and the contract entered into prior to the filing of the divorce petition, the burden would be upon the husband to establish the sanity of the wife at the time of the execution of the contract wherein she acknowledged service of the petition for divorce and otherwise contracted with the husband.

"A wife can not separate from her husband or live in a state of separation from him, take charge of the minor children, and maintain a suit against the husband for necessaries furnished them. If the husband had made no adequate provision for the support and maintenance of the children, and a stranger had furnished them the necessaries of life, he could maintain a suit against the delinquent father for the cost and value of the necessaries furnished; or a divorced wife, after dissolution of the bond of marriage between herself and husband, where no provision had been made for the support of her minor children, might, just as a stranger (for after divorce she would be a stranger), maintain an action against her former husband for necessary expenses incurred in maintaining and nourishing their minor children." *Smith* v. *Smith*, 136 *Ga.* 531, 533 (71 S. E. 869); *Brown* v. *Brown*, 132 *Ga.* 712 (64 S. E. 1092, 131 Am. St. R. 229); *Garrett* v. *Garrett*, 172 *Ga.* 812 (159 S. E. 255).

In the present case, if the divorce decree is void, as alleged, Mrs. LeMerle Browning Lowery has at all times been the wife of the defendant and could not, therefore, sue for necessaries furnished one of their minor children. On the other hand, if the divorce decree should be proved to be valid, she can maintain an action for necessaries furnished their minor child.

Counsel for the defendant strongly relies upon laches. There is no merit in the contention that the wife is barred by laches. Code § 3-801; *Taylor* v. *Colley*, 138 *Ga.* 41, 45 (74 S. E. 694); *Brown* v. *Carmichael*, 149 *Ga.* 548 (101 S. E. 124); *Morris* v. *Mobley*, 171 *Ga.* 224 (155 S. E. 8); *Nelson* v. *Estill*, 190 *Ga.* 235 (9 S. E. 2d 73); *Lewis* v. *Patterson*, 191 *Ga.* 348 (12 S. E. 2d 593); *Mullins* v. *Barrett*, 204 *Ga.* 11 (48 S. E. 2d 842).

The petition stated a cause of action for relief only as herein indicated. The court did not err in overruling the general demurrers and the motion to dismiss.

*Judgment affirmed. All the Justices concur.*