20274.   LUKE *v.* CRUMLEY.

ARGUED NOVEMBER 10, 1958—DECIDED
JANUARY 12, 1959.

*L. J. Courson, J. C. McDonald,* for plaintiff in error.

*Jack Knight, H. W. Lott,* contra.

HEAD, Justice. " 'A general demurrer to a petition will not be sustained if the facts entitle the plaintiff to any of the substantial relief prayed.' *Arteaga* v. *Arteaga,* 169 *Ga.* 595 (4) (151 S. E. 5)." *Wallace* v. *Wallace,* 213 *Ga.* 96 (2) (97 S. E. 2d 155); *Bowles* v. *White,* 206 *Ga.* 433 (57 S. E. 2d 547); *Lowery* v. *Browning,* 212 *Ga.* 586 (94 S. E. 2d 413); *Security Feed & Seed Co. of Thomasville* v. *NeSmith,* 213 *Ga.* 783 (2) (102 S. E. 2d 37).

The demurrer to the original petition was a general demurrer on the ground that the petition did not state a cause of action. After the amendment to the petition was filed, the defendant

renewed his demurrer, and filed an additional demurrer, in which he "moves to dismiss the same because said petition as amended does not show a cause of action against this defendant to entitle the plaintiff to the relief sought and prayed for, because the plaintiff is seeking to cancel a deed and said petition does not show that the consideration has been tendered to the defendant before the suit was filed asking for a rescission of the contract." "A demurrer which thus assails a petition in its entirety is a general demurrer, notwithstanding it may allege specific reasons why the petition as a whole should be dismissed." *Saliba* v. *Saliba,* 202 *Ga.* 791, 795 (44 S. E. 2d 744).

While some of the allegations of the amendment are inconsistent with the allegations of the original petition, there was no special demurrer on the ground of duplicity, and a general demurrer does not raise that question. *Farmers & Merchants Bank of Manchester* v. *Gibson,* 211 *Ga.* 270 (2) (85 S. E. 2d 513), and cases cited.

The copies of deeds attached to the pleadings in this case present an unusual situation. On the same date the plaintiff executed to the defendant two deeds covering the same property. One deed was a deed to secure debt, executed in Tift County; and the other was a warranty deed in form, executed in Berrien County. The plaintiff alleges that he can not read, and can not write except to sign his name, and that the defendant perpetrated a fraud on him in inducing him to sign the warranty deed on the representation that it was a paper to provide the defendant with additional security for his debt.

Since the plaintiff alleges that there was no valid consideration for the warranty deed, the petition is not subject to general demurrer on the ground that the consideration recited in the deed was not tendered to the defendant before the petition was filed. The defendant in his brief, in consideration of this question, points out the fact that the warranty deed recites that it was "given subject to a deed to secure debt executed by John Luke to the Prudential Insurance Company of America . . . in the original amount of $5,000," and that the plaintiff does not show that a payment has not become due and had to be paid by the defendant. The deed does not recite any *assumption*

by the grantee of the indebtedness represented by the deed to secure debt given by the plaintiff's father conveying the property which is the subject matter of this action. It recites that it is *subject* to the prior deed, which is a word commonly used in security deeds or mortgages. . *Hobbs* v. *Houston*, 195 *Ga.* 571, 579 (24 S. E. 2d 884). When a deed to secure debt has been executed and duly recorded, any subsequent conveyance of the same property must be subject to the first security deed, whether or not the fact of such deed is mentioned in the subsequent conveyance. The recital in the warranty deed in regard to a security deed given by a predecessor in title of the plaintiff was not a recital of a consideration for the deed. Under the allegations of the petition, as amended, the plaintiff was under no duty to tender any consideration recited in the warranty deed in order to maintain his action. Compare *Jackson* v. *Jackson*, 202 *Ga.* 634 (44 S. E. 2d 250).

"Instruments conveying land, however clear and unambiguous, can always be shown by parol evidence to have been made to secure debt, where the vendor remains in possession." *Hand* v. *Matthews*, 153 *Ga.* 75 (1) (111 S. E. 408); *Sims* v. *Sims*, 162 *Ga.* 523 (134 S. E. 308). The plaintiff asserts that he has remained in possession of the property at all times since the execution by him of the warranty deed. He is, therefore, entitled to prove, if he can do so by competent evidence, that the deed conveying absolute title was executed by him as additional security for the debt owed by the plaintiff to the defendant.

The copy of the deed to secure debt attached to the amendment to the petition shows that the terms of this deed are uncertain. It is stated therein that it is executed to secure a debt "evidenced by one (1) note due thirty (30) days from date. Before the expiration of this thirty days a new note and security deed will be executed." Under these ambiguous terms of the deed, it can not be determined whether any amount was due by the plaintiff at the time his action was filed. He seeks to reform the terms of the deed, and asserts that by mutual mistake the true agreement of the parties was not inserted in the deed.

It is alleged that the defendant has stated that he will not

accept payment of the debt, since he holds the title to the property as the absolute owner, and not as security for debt. The petition is not, therefore, subject to demurrer for failure to show that a tender was made of any indebtedness due, since the defendant's contentions and declarations are equivalent to a refusal to accept the tender if made. *Ansley* v. *Hightower*, 120 *Ga.* 719 (48 S. E. 197); *Tolbert* v. *Short*, 150 *Ga.* 413, 414 (104 S. E. 245). The petition stated a cause of action for some of the relief prayed, and it was error to sustain the general demurrers.

*Judgment reversed. All the Justices concur.*