21440.   JOHNSON v. HUTCHINSON, Guardian, *et al.*

DUCKWORTH, Chief Justice.   This is an action brought by the guardian of the grantor in a warranty deed to cancel it, the guardian's ward being a widow entitled to a one-fourth undivided interest in certain real property described in the deed which property is a part of the estate of which the guardian is also acting administrator de bonis non.   The deed was executed by the ward after the death of her husband in whose estate she was entitled to a child's part.   The petition alleges that the defendant, who is the son of the deceased, went into possession of the estate property, treated it as his own, refused to make an accounting therefor, and while the matter was pending in the court of ordinary, by means of undue influence, domination, and control of the defendant's ward, obtained a deed to the property described above from the ward, his mother, with whom he resided, who is 72 years of age, blind, suffering from physical and mental conditions affecting her mental processes such as loss of memory, loss of concentration, and senile dementia, by reason of which she lacked the mental capacity to comprehend the nature of her act—the deed reciting love and affection as consideration therefor—thereby taking advantage of her to procure the execution of the deed by reason of the above acts amounting to fraud.

The lower court having overruled a general demurrer, the exception is to that judgment. *Held:*

The petition alleging a confidential relationship between the mother and son who lived together, the mother being in a dependent condition, and showing great mental disparity between them and lack of mental capacity of the mother to make a deed of gift, clearly alleges a cause of action for the relief sought, and the court did not err in overruling the general demurrer thereto. *Code* §§ 37-707, 37-708, 37-709, 48-107; *Jones v. Hogans,* 197 Ga. 404 (29 SE2d 568) ; *Tillman v. Byrd,* 211 Ga. 918 (89 SE2d 479) ; *Sutton v. McMillan,* 213 Ga. 90 (97 SE2d 139).

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 13, 1961—DECIDED JANUARY 4, 1962.

*Henry N. Payton,* for plaintiff in error.
*Byron H. Mathews, Jr.,* contra.