21835.   DAUGHTRY v. DAUGHTRY.

SUBMITTED NOVEMBER 13, 1962—DECIDED JANUARY 14, 1963.

558

*Limerick L. Odom,* for plaintiff in error.
*Howard & Hunter,* contra.

QUILLIAN, Justice. Under the facts related the only question for decision is whether the trial judge erred in overruling the motion to dismiss the petition.

The judgment overruling the motion was correct for two reasons: first, it was addressed to the whole petition and it appears from the record that the petition set forth a good contempt action against the defendant. "A general demurrer to a petition will not be sustained if the facts entitle the plaintiff to any of the substantial relief prayed." *Luke v. Crumley*, 214 Ga. 638, 641 (106 SE2d 776); *Wallace v. Wallace*, 213 Ga. 96 (2) (97 SE2d 155). Secondly, while the defendant, plaintiff in error here, argues the insufficiency of the petition to set forth a cause against him for alimony or support for the child born since the decree dissolving the marital relations between him and Ella Daughtry, referred to by the parties as the plaintiff, the motion does not challenge or even mention the authority of the trial judge to compel the defendant to pay the plaintiff alimony or "child support" under *Code Ann.* § 30-301 (Ga. L. 1958, pp. 204, 205), nor does it raise the issue as to whether the plaintiff is entitled to support for the child.

While the motion does not clearly attack the petition on any ground, it suggests lack of jurisdiction in the trial judge in respect to the custody of the child, and no other matter or issue therein is mentioned. The original decree of the court did not, according to the record, determine the custody of the child. Hence, the trial judge was clothed with authority to pass upon the issue, but did not include in the judgment he entered any reference to custody. The judgment excepted to must be

*Affirmed. All the Justices concur.*