22038. RUSHING v. BASHLOR, Administrator.

DUCKWORTH, Chief Justice. This case involves an equitable action in two counts to set aside and cancel a deed on the grounds of mental incapacity of the grantor in the execution of the purported deed as alleged in count 1; and the intentional fraud of the grantee in her actions in obtaining the deed in count 2. The petition, in substance, alleges that the grantor was a person 78 years of age, in very poor health and under the care of a physician, suffering from a severe diabetic condition known as "diabetes mellitus," and a person non compos mentis, not being sui juris but without legal guardian or having been adjudged insane by any court, which weakness of

mind amounts to imbecility, enumerating a number of acts constantly being done by the grantor which show mental deficiency, mental disease or deterioration of the mind (i.e., exposing himself, spying on females, urinating on the floor, in the house, and behind doors), all of which allegedly rendered him incompetent to become a party to any legal contract. The petitioner further alleges that the grantee "well knew and was aware of the mental incompetency" of the grantor who did not know or understand the nature or consequences of his act at the time of making the purported deed. Count 2, after adopting the above paragraphs of count 1, shows further that the same was done falsely and fraudulently in that the defendant represented that she would care for, clothe, maintain and provide the necessaries of life for the plaintiff's comfort for and during the balance of his natural life which she refused and failed to do and no effort was made to comply therewith, and she had no intention of doing so at the time the said promises were made. The petition further avers that as a result of the above allegations the purported deed to land sought to be canceled and set aside was invalid and a nullity, and the prayers were for cancellation thereof. Numerous general and special demurrers were filed, and after a hearing, the court overruled all of them. However, the exception is to the overruling of the general demurrers only. *Held:*

The pleadings seeking to set aside a deed, alleging in count 1 that the grantor was an aged person, ill and mentally deficient, amounting to complete lack of understanding of his acts and being without mental capacity to make the deed to one who had actual knowledge of his condition, alleges a cause of action for cancellation, and the court did not err in overruling the general demurrers thereto. *Code* §§ 37-707, 37-709; *Frizzell v. Reed,* 77 Ga. 724; *Brown v. Carmichael,* 149 Ga. 548 (101 SE 124); *Morris v. Mobley,* 171 Ga. 224 (155 SE 8); *Stanley v. Stanley,* 179 Ga. 135 (175 SE 496); *Trustees, Jesse Parker Williams Hospital v. Nisbet,* 191 Ga. 821 (14 SE2d 64); *Johnson v. Hutchinson,* 217 Ga. 489 (123 SE2d 551). And the second count showing all the above with the additional allegations that the grantee for consideration of the gift promised to carry out certain duties to the grantor, which she failed to do and allegedly had no intention of ever doing, alleges fraud sufficient to set the instrument aside. *Wood v. Owen,* 133 Ga. 751 (66 SE 951); *Brinson v. Hester,* 185 Ga. 761 (196 SE 412);

*Dumas v. Dumas*, 205 Ga. 238 (52 SE2d 845) ; *Sutton v. Mc-Millan*, 213 Ga. 90 (4) (97 SE2d 139) ; *Bridges v. Elrod*, 216 Ga. 102 (114 SE2d 874). Hence the court did not err in overruling any of the general demurrers to the petition.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 13, 1963—DECIDED MAY 29, 1963—
REHEARING DENIED JUNE 18, 1963.

*Bouhan, Lawrence, Williams, Levy & McAlpin, George W. Williams, Thomas J. Dillon, Walter C. Hartridge, II*, for plaintiff in error.

*F. C. Drexel, Allyn M. Wallace*, contra.