## 30943. MARTIN v. NATIONAL BANK OF WALTON COUNTY.

INGRAM, Justice.

This appeal, from the denial of an interlocutory injunction, involves an infant's contract of suretyship which she sought to disaffirm with the appellee bank. The question for decision is whether this contract is voidable under the provisions of Code Ann. § 20-201, or whether it is enforceable. The trial court apparently was of the opinion that the contract was not voidable and therefore declined to enjoin the appellee from enforcing it. We reverse that judgment.

The evidence at the interlocutory hearing shows that appellant was 15 years old when her father gave her the money to buy a mobile home. The daughter had a bank account and wrote a check to the seller for the full purchase price of the mobile home. Appellant took written title to the mobile home in her name. The seller was allowed to continue living in the home for approximately four months and it was then rented to a third party. The rent was received by appellant's father and applied to family bills.

Some five months after appellant purchased the mobile home, she was asked by her father to pledge it as collateral on a loan her father made with the appellee. She pledged the home to appellee as security for her father's loan but did not sign the original note with him. This note was renewed on three occasions by the appellee and for each of those renewal loans appellant was required by the appellee to co-sign the notes with her father. Officers of the appellee bank who handled these transactions knew that appellant was under 18 years of age. Appellant resides with her mother, father and two brothers and has not married or become self-supporting.

Subsequent to these loan transactions, the business of appellant's father suffered a severe decline and the family home had to be sold. Thereafter, the family moved into appellant's mobile home and now occupies it as a residence. Appellant's father was unable to pay his last renewal note at the appellee bank when it became due and appellee obtained a writ of possession for the mobile home.

Appellant filed the present action seeking judicial sanction of her disaffirmance of the surety contract with the appellee and sought to enjoin the appellee from interfering with her possession and control of the mobile home.

Appellant's position is that her contract of suretyship with the appellee bank is voidable under Code Ann. § 20-201. The appellee does not contest appellant's infancy but contends that the contract is binding as a contract for necessaries. Appellee argues that "[t]he substance of the transactions in the instant case is that the proceeds of the contracts were used to maintain the livelihood of the appellant, that is, that said proceeds flowed directly into the operating budget of the home."

Code Ann. § 20-201 provides that the "contract of an infant for necessaries shall be binding on him as if he were of legal majority except that the party furnishing them to him must prove that the parent . . . had failed or refused to supply sufficient necessaries for him." The evidence at the interlocutory hearing failed to bring this transaction within the terms of this portion of the statute. Indeed, the evidence shows that appellant made no contract for necessaries with the appellee nor, for that matter, does it show that appellant received any direct benefit from the proceeds of the loans made by the appellee to her father. As was said in *Burns v. Hill,* 19 Ga. 22, 25 (1855), "It would be a very dangerous and unprecedented rule which, by such a transaction as is here set forth, would allow infant children, while yet inexperienced, unacquainted with their rights, and under the influence of their parents, to bind property settled upon them and render it liable for a father's debts, . . ." See also *Holbrook v. Montgomery,* 165 Ga. 514 (141 SE 408) (1927), and Calamari and Perillo, Contracts, § 128, pp. 214, 215 (1970).

Appellee also argues that the appellant "was not the real party in interest in the transaction before the court." In effect, appellee contends that appellant "was merely a shield behind which [her father] sought to avoid the consequences of his business transactions." Of course, the answer to this contention is that the officers of the appellee bank knew appellant was a minor at all times when they dealt with her. The appellee required

appellant to sign her father's loan renewal notes and also allowed her to sign the security instrument as the owner of the mobile home. If, as appellee now contends, appellant's father, rather than appellant, is the real owner of the mobile home, appellee's officers should not have recognized appellant as the owner at the time these transactions were consummated by the parties. The court will consider the transactions as the parties regarded them when they were made.

In summary, it appears from the evidence at the interlocutory hearing that the monies loaned by the appellee were not loaned to appellant but to appellant's father; that no part of the proceeds of the loans were used to purchase the mobile home owned by appellant and subsequently pledged as collateral for her father's loans; the appellee knew at all times that appellant was a minor; and, that none of the exceptions provided by law which would bar disaffirmance by the minor of the contract appear from the evidence considered by the trial court. Therefore, we conclude the trial court erred in refusing to grant the interlocutory injunction sought by appellant.

*Judgment reversed. All the Justices concur.*

ARGUED MARCH 9, 1976 — DECIDED APRIL 6, 1976.

*Patricia Downing, John L. Cromartie, Jr.,* for appellant.

*Preston & Allgood, W. Ben Mitcham,* for appellee.