## WITT v. SIMS et al.

1. One who had purchased a lot of land signed and delivered to a real-estate broker an instrument in writing as follows: "I have this day purchased through Roff Sims the vacant lot in Atlanta, Georgia, from J. F. Leary [describing the lot]. The said Roff Sims, in making the purchase for me, was obliged to reduce his commission on the sale; and in consideration, I give to him the exclusive sale of the property so long as I own it, and agree to pay him the regular real-estate commission upon it when it is sold, either by himself, myself, or any other person. It is hereby agreed that the real-estate commission be fixed for this sale as 2½% on the dollar." *Held*, that there is no law in this State authorizing the record of 'such an instrument by the clerk of the superior court; nor is there any law authorizing the record of an entry upon it, by which the promisee in the paper sought to transfer a half interest in the contract to another.

2. Had the agreement set out in the first headnote been a recordable paper if properly attested, it could not be properly recorded on the affidavit of the promisee therein that he saw the promisor sign it.

3. Such a paper was not a cloud upon the title of the promisor. It did not purport to convey any title to or interest or easement in the land, or to create any lien upon it, or to affect the title thereto; but it was merely a promise to allow the promisee the exclusive right to sell such land as a broker so long as it was owned by the promisor, and to pay the broker certain commissions, should the land be sold by him, the owner, or any other person.

4. In the absence of a statutory provision, the superior court will not, at the instance of the maker of a contract not properly recordable, order or decree the cancellation of the record thereof on the deed books by the clerk, as matter of course; but the asserted right to cancellation of the paper and of an unlawful record thereof will be determined under the general law governing the right to have instruments canceled.

5. The petition in this case did not show a case for the cancellation of the instrument involved, as being an instrument which had answered the object of its creation, or a "forged or other iniquitous deed or other writing, which, though not enforced at the time, either casts a cloud over complainant's title or otherwise subjects him to future liability or present annoyance, and the cancellation of which is necessary to his perfect protection," under the Civil Code, § 5465; nor did the allegations make a case for the cancellation of a cloud on the plaintiff's title, under the Civil Code, §§ 5466, 5468.

(a) There was no allegation of fraud or wrong in the procurement of the instrument by the promisee therein, and the only ground of attack upon it was an allegation that it was made without a present consideration therefor. No insolvency was alleged, no danger of loss shown, and no reason why want of consideration, if it existed, could not be as well set up in defense to a suit upon it as by equitable petition, or why equitable relief was necessary.

MAY 15, 1913.

Equitable petition. Before Judge Pendleton. Fulton superior court. June 27, 1912.

Carl Witt brought an equitable petition against Roff Sims, W. E. Wimpy, and the clerk of the superior court. He alleged in·substance as follows: On the second day of January, 1909, the plaintiff entered into a writing with Roff Sims, which was as follows: "Atlanta, Ga., January 2nd, 1909. I, having this day purchased through Roff Sims the vacant lot in Atlanta, Georgia, from J. F. Leary, situated on the northeast corner of Peachtree street and East Harris street, being one hundred (100) feet on Peachtree street by one hundred and fifty-four (154) feet deep. The said Roff Sims, in making the purchase for me, was obliged to reduce his commission on the sale; and in consideration, I give to him the exclusive sale of the property so long as I own it, and agree to pay him the regular real-estate commission upon it when it is sold, either by himself, myself, or any other person. It is hereby agreed that the real-estate commission be fixed for this sale as 2½% on the dollar." This writing was entered into after the plaintiff had purchased the property therein described, which property is owned by him, he having purchased it from J. F. Leary. It was given for a past consideration, and is therefore without consideration, and is null and void. It casts a cloud over the plaintiff's title to the property, and subjects him to annoyance and liability. On or about December 30, 1909, Sims attempted to transfer to W. E. Wimpy a half interest in the writing above set out, such assignment being as follows: "Atlanta, Ga., Dec. 30th, 1909. ($750) For and in consideration of the sum of seven hundred and fifty dollars, I hereby transfer and assign to W. E. Wimpy one half interest in the above contract, the receipt of which is hereby acknowledged." On February 25, 1911, Roff Sims attempted to probate the writing first above set out, and, for the purpose of having it recorded on the records of the clerk of the superior court, made an affidavit before a notary public of the county, stating that he saw Carl Witt "sign the above obligation, dated January 2, 1909, on said date." On or about February 25, 1911, Sims or Wimpy filed the writings above referred to with the clerk of the superior court, with the request that they be recorded. The clerk recorded them on March 2, 1911, in a book kept for recording deeds. This writing could not be assigned, and any attempt to

assign an interest in it was void. The attempted probate was void. The papers were not entitled under the law to be recorded in the clerk's office, and the clerk had no legal authority to record them. The plaintiff has no other course to protect his rights than the one here pursued. He prays that the papers herein set out be canceled, and delivered up; that the clerk of the superior court be required to expunge them from the records; that the attempted assignment by Sims to Wimpy be declared null and void; and for process.

The defendants demurred to the petition. The judge sustained the demurrer and dismissed the petition, and the plaintiff excepted.

*Evins & Spence* and *F. E. Radensleben,* for plaintiff.

*C. T. & L. C. Hopkins,* for defendants.

LUMPKIN, J. (After stating the foregoing facts.) The paper involved in this case was plainly not one which the clerk of the superior court was authorized to record on the deed books of the county. It was a mere agreement between a landowner and a real-estate broker in regard to giving the latter the right to sell the land, or paying him a commission, if the land should be sold by him, the owner, or any other person. It did not purport to convey any title, interest, or easement in the land, or to create any lien upon it. If it had been otherwise a recordable paper, it was not properly attested or probated for record. What is said of the paper itself applies with double force to the entry upon it purporting to transfer an interest in the contract to another.

It was conceded by counsel for the defendants that the paper was not recordable, and ought not to have been entered on the record of deeds. But it was argued that, if a clerk should cumber the books for the recording of deeds by entering on them papers which should not be recorded, in order to obtain fees, the county authorities would have the right to prevent such a use of the county's property. Perhaps they would. But the registration laws are for the benefit of the public, and the county authorities have no power to change them; nor is a property owner who may be damaged by an unlawful record without remedy, upon a proper case made. In New York there is a statute touching the cancellation of any recorded instrument relating to realty not entitled to record by law. In Georgia there is no express statute on the subject. Under some circumstances, doubtless, an entry of cancellation

might be required by a court having equitable jurisdiction. But in this case the allegations make no case for cancellation of either the instrument or the record of it. They do not bring the case within Civil Code section 5465, touching proceedings quia timet generally; nor do they show any cloud upon the title of the plaintiff, giving a right of cancellation under Civil Code sections 5466, 5468.

The cases of *Thompson* v. *Etowah Iron Co.*, 91 *Ga.* 538 (17 S. E. 663), and *Hairalson* v. *Carson*, 111 *Ga.* 57 (36 S. E. 319), were relied on. While much that is said in the decisions in those cases is still the law, and a part of that in the one first cited has been codified (Civil Code, § 5468), it may be well to note, in connection with this, that the rule that where the invalidity of an instrument appears on its face, this alone will render cancellation unnecessary, has been abrogated by statute. Civil Code, § 5466.

The bare allegation that a promise to give a broker the exclusive privilege of selling property, or to pay him commissions if it should be sold by another, was made without present consideration, does not make a case for resort to a court having equitable jurisdiction, for cancellation. Nor do the superadded allegations of conclusions that the paper is iniquitous and the plaintiff has no other remedy, with no facts to support such conclusions, make the case one for equitable relief.

*Judgment affirmed. All the Justices concur.*