# BERRY *v.* ROYAL.

1. The general rule is that "a deed or bill of sale, absolute on its face and accompanied with possession of the property, shall not be proved (at the instance of the parties) by parol evidence to be a mortgage only, unless fraud in the procurement is the issue to be tried."

(a) Fraud in the procurement was an issue in this case; and the jury found, under parol evidence which was admissible for that purpose, that the deed was intended as security only.

2. It was not error to overrule the demurrer to the counter-affidavit, on the ground that it sought to vary the terms of an unconditional written contract.

3. Under the evidence, which showed that the amount of principal found by the jury in favor of the plaintiff against the defendant was due, direction is given that the verdict and judgment be so amended as to include interest due by the defendant to the plaintiff.

No. 2473.   DECEMBER 16, 1921.

Eviction.   Before Judge Hammond.   Richmond superior court. February 12, 1921.

*William H. Fleming,* for plaintiff.

*Wright & Jackson* and *W. D. Irvin,* for defendant.

HILL, J.   John Berry sued out a dispossessory warrant against Gertrude Royal as a tenant holding over, in order to evict her from a certain house and lot situated in the City of Augusta.   The defendant filed a counter-affidavit to the warrant, denying the tenancy; and by amendment she set up certain facts upon which she relied to disprove that she was a tenant and to establish the fact that she was in possession of the premises, not as a tenant, but as the owner, and that she had never yielded possession of the premises to the plaintiff.   She also amended by attaching a copy of the deed from her to the plaintiff, under which he claimed title.   A demurrer to the counter-affidavit as amended, on various grounds, was overruled, and the defendant excepted pendente lite. On the trial of the case the jury returned a verdict in favor of the defendant, finding that the relation of landlord and tenant did not exist between the plaintiff and the defendant, but that the defendant was the owner of the premises, subject to a lien of indebtedness amounting to $244.12 in favor of the plaintiff.   No interest was found on that amount in favor of the plaintiff.   Judgment was entered in accordance with the verdict.   The plaintiff filed a motion for new trial, which was overruled, and he excepted.

1.   The first question to be considered is whether the deed from the defendant to the plaintiff, which was absolute on its face, could by parol evidence be shown to be a mere security, rather than the absolute conveyance of the fee to the grantee.   The Civil Code (1910), § 3258, provides that " A deed or bill of sale, absolute on its face and accompanied with possession of the property, shall not be proved (at the instance of the parties) by parol evidence to be a mortgage only, unless fraud in its procurement is the issue to be tried."   One of the issues made by the counter-

affidavit was that the deed from the defendant to the plaintiff was procured from her by fraud; that the plaintiff deceived the defendant " by pretending great affection and love for her, and after winning her confidence did in pursuance of such fraudulent intent procure and induce her to sign the said paper,  .  .  which proved to be an absolute transfer and assignment of all her interest in the property, instead of being merely an instrument to secure said Berry for the money, as he had falsely represented it to deponent." The evidence upon this point was conflicting, the plaintiff testifying that the instrument was to be an absolute deed; and the defendant, on the other hand, testifying in support of the facts set out in her counter-affidavit. The jury found in favor of the defendant; in other words, that the deed, though absolute upon its face, was merely given as security for a debt due by the defendant to the plaintiff. Exception was taken to the allowance of the evidence tending to show that the deed was given merely as a security for debt, on the ground that it varied the terms of a written contract. It has been held by this court a number of times that it is permissible to show by parol evidence the consideration for a deed; and that the deed, although absolute on its face, may be shown by parol evidence to have been intended as security only, where possession of the property has not been put into the grantee and where the grantor has retained possession of the property, and fraud in its procurement is the issue to be tried. *Brown* v. *Carmichael,* 149 *Ga.* 548 (2), 552 (101 S. E. 124). And see *Bashinski* v. *Swint,* 133 *Ga.* 38 (2), 40 (65 S. E. 152), and cases cited. There was evidence in this case tending to show that the defendant never yielded possession of the property to the plaintiff, but remained in possession all the while, and that the deed was procured by fraud. From what has been said above it follows that the court did not err in overruling the demurrer to the counter-affidavit setting up facts substantially as detailed above, nor in allowing parol evidence tending to show that the deed was intended as security only.

2. Error is also assigned on the judgment based upon the verdict of the jury, which found that the defendant was the rightful owner of the premises, subject to a lien of indebtedness of $244.12 in favor of the plaintiff. This amount does not expressly include interest on the amount due by the defendant to the plain-

tiff; and it is argued by the defendant that the plaintiff is not entitled to interest, inasmuch as the accumulation of interest was the result of the plaintiff's breach of his contract with the defendant in failing and refusing to acquaint her with the amount of her debt to him so that she might pay it. It is also argued that under these circumstances the jury's verdict, "awarding him only the principal without interest, was a just one and should be sustained as rendered." We can not agree to this contention. Under the evidence the amount found by the jury was due; and if the plaintiff is entitled to recover that amount as principal, he is also entitled to recover the interest thereon. The judgment of the court below will therefore be affirmed, with direction that the verdict and judgment be so amended as to include interest as well as principal due the plaintiff.

*Judgment affirmed, with direction. All the Justices concur.*