## STANLEY *v.* STANLEY.

BELL, J. This was a suit by a widow and sole heir at law to cancel a deed made by the plaintiff's husband to his nephew shortly before the husband's death, the alleged grounds for cancellation being (1) mental incapacity of the grantor, and (2) fraud by the grantee. After a verdict for the plaintiff, the defendant moved for a new trial, which the court refused, and he excepted. *Held:*

1. In *Dicken* v. *Johnson,* 7 *Ga.* 484 (2), it was held that if insanity is proved to have existed previously to the execution of the deed, the pre-

sumption of law is that it continues to the time when the deed is executed, and the burden of proving sanity at the making of the deed is devolved upon the party seeking to uphold the deed. See also *Joiner* v. *Southern Land Sales Cor.*, 158 *Ga.* 752 (8) (124 S. E. 518). The evidence authorized the inference that the grantor did not have sufficient mental capacity to make the deed in question and continued in this condition to his death. *Barlow* v. *Strange*, 120 *Ga.* 1015 (48 S. E. 344).

2. There being some evidence that the defendant grantee knew of the insanity of the grantor at the time the deed was executed, the plaintiff's failure to make restitution did not require a verdict against her. *Cheves-Green & Co. Inc.* v. *Horton*, 177 *Ga.* 525 (2) (170 S. E. 491).

3. Under one phase of the evidence, the jury could have found that while the grantor was not wholly incapable of entering into such a contract, he was yet possessed of little or no will power, being afflicted both in body and in mind, and was greatly under the influence of the nephew to whom the deed was executed, and that the deed was "improvident or profuse." In these circumstances, an inference of fraud could have been drawn by the jury, and the evidence for the defendant grantee not being such as to rebut the inference as a matter of law, the court was authorized to charge the jury upon the subject of fraud. Civil Code (1910), §§ 4626, 4630; *Causey* v. *Wiley*, 27 *Ga.* 444 (3); *Woodruff* v. *Wilkinson*, 73 *Ga.* 115 (3); *Orton* v. *Madden*, 75 *Ga.* 83; *Frizzell* v. *Reed*, 77 *Ga.* 724.

4. The court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 9978.   July 11, 1934.

L. F. *Watson* and C. C. *Crockett*, for plaintiff in error.