28542.   COMMUNITY LOAN AND INVESTMENT CORPO-
RATION *v.* BOWDEN, administratrix.

DECIDED NOVEMBER 20, 1940.   ADHERED TO ON REHEARING DECEMBER 20, 1940.

*Harry S. Strozier, Milton M. Ferrell,* for plaintiff.
*Thomas A. Jacobs Jr.,* for defendant.

MacIntyre, J. The Community Loan and Investment Corporation sought to foreclose a bill of sale executed by A. H. Bowden to said corporation on an automobile in order to secure a debt. Mrs. Ouida W. Bowden, widow and temporary administratrix of A. H. Bowden, filed an affidavit of illegality, alleging that the execution was proceeding illegally for the reason "that at the time said debt was contracted and said bill of sale executed, and for a long time prior thereto, the said A. H. Bowden did not appreciate and understand the nature, quality, and effects of his acts, and was of unsound mind and incapable of contracting, and was non compos mentis and unable to make any legal contract or conveyance." Issue was joined on said affidavit of illegality and the case proceeded to trial before a jury. The jury returned a verdict in favor of the illegality. To the judgment overruling its motion for new trial the corporation excepted.

The court charged the jury in part as follows: "I charge you, gentlemen of the jury, that where a party has been shown to have been insane at one time, the presumption of law is that he remains insane, but this is only a presumption, a rebuttable presumption, and may be overcome by proof to the contrary showing that since that time he has regained his sanity and has capacity to contract. Where a party, however, has been once shown to have been insane the burden of proving his sanity at a subsequent time would be upon the party asserting it. The doctrine of presumption of continuity, that is that a state of things proved to have once existed will continue to exist until a change or some adequate cause of change appears, does not include a presumption either that something shown to exist will continue in the future or that it previously existed. The doctrine is limited to the presumption that something which has been shown to have existed has thereafter continued to exist." The judge, in his written opinion overruling the motion for new trial, states that he bases the first portion of the charge here excepted to on *Joiner* v. *Southern Land Sales Corporation,* 158 *Ga.* 752, 754 (8) (124 S. E. 518), and that the latter portion thereof, dealing with the question of continuity, is based on *Glenn* v. *Tankersley,* 187 *Ga.* 129, 130 (7) (200 S. E. 709). The rules of law stated in those cases are not applicable to the facts in the instant case.

With reference to the phase of the case as contended for in the

affidavit of illegality that the deceased was insane at the time of the execution of the contract the factum of insanity must be proved, but if the evidence and the pleading had authorized a finding only of habitual insanity (sometimes called permanent insanity and sometimes referred to as settled insanity), the charge excepted to on the ground that insanity (construing it to mean *habitual* insanity) when once proved to exist before the execution of the instrument in question will continue to exist up to the time the contract was made would not have been erroneous. But where under another phase of the evidence, within the pleading, temporary insanity was involved in the case, that is, the jury would have been authorized to find that the deceased was suffering from temporary insanity, a temporary lapse of sanity, or insanity at intervals (while he was on "sprees" brought about by the excessive use of intoxicating liquor or narcotic drugs), it was error for the judge to fail to instruct the jury on the law of the presumption of insanity as it relates to temporary insanity, and under this phase of the case they should have been instructed that "temporary insanity" (that is, a temporary lapse of sanity) before and after the date of the signing of the contract does not raise the presumption of insanity at all times subsequently to and between the intervals of temporary insanity shown. 28 Am. Jur. 752, § 122. "The law presumes every man to be sane until there is evidence to the contrary. The burden is on the party attacking the contract to show incapacity of the signer at the time of the execution of the contract, and insanity prior to that time does not raise the presumption of insanity at a subsequent time unless it is shown the insanity is of a permanent nature. Proof of insanity at intervals or of a temporary character would create no presumption that it continued up to the execution of the instrument, and the burden would be upon the attacking party to show insanity at the very time of the transaction." 3 Reid Branson's Instructions to Juries, 1160, § 1911. In other words, the burden rests on the defendant to show habitual, that is, permanent or settled, insanity before it will be presumed that the insanity continued up until the time of the execution of the instrument involved in this case. We think this vital and material phase of the case was not covered by the charge, and it was therefore error requiring the grant of a new trial. *Dorsey* v. *State,* 126 *Ga.* 633 (55 S. E. 479) ; *Humphrey* v. *State,* 46 *Ga..*

*App.* 720, 722 (169 S. E. 53) ; *Dicken* v. *Johnson,* 7 *Ga.* 484, 490; *Martin* v. *Martin,* 185 *Ga.* 349, 352 (195 S. E. 159) ; Washam *v.* Beaty, 210 Ala. 635 (99 So. 163) ; McClelland *v.* Coston, 227 Ala. 267 (149 So. 697) ; Law *v.* Gulf States Steel Co., 229 Ala. 305, 311 (156 So. 835).

We think the rule herein discussed has been stated in *Humphrey* v. *State* and *Dicken* v. *Johnson,* supra, and has been clarified in a concise manner in *Martin* v. *Martin,* supra, as to when proof of insanity before the time of the execution of the instrument authorizes or does not authorize a presumption of insanity at a subsequent time. In the first instance, a previous judgment by a court is sufficient, or, even without an adjudication, proof of habitual insanity (sometimes called permanent insanity and sometimes referred to as settled insanity) is sufficient, but proof of a temporary lapse of sanity, sometimes called temporary insanity (18 L. R. A. 421; Black's Law Dictionary), does not create a presumption that it continues up to the time of the execution of the instrument.

The cases cited by the defendant in error are differentiated by their facts from the instant case. In *Sovereign Camp W. O. W.* v. *Ellis,* 59 *Ga. App.* 608 (1 S. E. 2d, 677), the charge was expressly applied to habitual insanity. And in *Joiner* v. *Southern Land Sales Cor.,* supra, by reference to headnote 8, the statement of facts, and the original record, it will be seen that the judge in that case was referring to a "judgment" of a court which was followed by the appointment of a guardian who represented the insane person. In *Dicken* v. *Johnson,* supra, the Supreme Court said that from the language pointed out by the court in its charge, from the character of the issue pending, and from all the facts and circumstances of the case, the trial court, in its charge, meant "*habitual* insanity, as contra-distinguished from a temporary fit of madness—the result of a fever, for example, or a drunken debauch —which will pass way with the cause which produced it." And in *Stanley* v. *Stanley,* 179 *Ga.* 135 (175 S. E. 496) in following the *Dicken* case, the Supreme Court said: "In *Dicken* v. *Johnson,* 7 *Ga.* 484 (2), it was held that if insanity is proved to have existed previously to the execution of the deed, the presumption of law is that it continues to the time when the deed is executed, and the burden of proving sanity at the making of the deed is devolved upon the party seeking to uphold the deed." In the *Stanley* case,

the law of continuity of insanity as it related to a drunken debauch, which would pass away with the cause which produced it, was under no phase of the evidence involved, but there the petition alleged that fraud or undue influence was perpetrated upon an old and infirm person afflicted with mental weakness, and the court in the above quotation from the *Stanley* case spoke, we think, of "general or habitual insanity," and thus we think that case is not in conflict with what is held here. In the headnote decision of *Geer* v. *State,* 184 *Ga.* 805 (3) (193 S. E. 776), the court cites two cases as authority for the holding therein, and from the contents of the headnote and the authorities, and from the original record in the case, it seems to us that the only question raised and decided was whether insanity in a criminal case must be established by the same amount of proof required to establish guilt in a criminal case, or whether it may be established by a "preponderance of the evidence." It does not appear that any question relatively to the law of when insanity is presumed to continue was decided.

In the instant case, if only permanent insanity had been involved under the pleadings and the evidence, the charge would have been broad enough to present the material phases of the case as they related to the doctrine of presumption of continuity of insanity when it had become once shown, but where, as here, under another view of the evidence the jury would have been authorized to find that the deceased was only temporarily insane (caused by the excessive use of intoxicating liquor and narcotic drugs), the failure of the judge to instruct the jury on this phase of the case was reversible error in that, although the charge was correct as it related to one phase of the case, to wit: permanent insanity, it obviously tended, by its narrowness, to mislead the jury. Permanent insanity is not here used in the sense that it is incurable, but is used in the sense that it was habitual or chronic. Leavitt *v.* City of Morris, 17 L. R. A. (N. S.) 984. We do not deem it necessary to discuss at length the other assignments of error, for none of them alone would have required the reversal of this judgment, and as we are granting a new trial on the ground just stated, it is unnecessary to pass on the general grounds of the motion.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*

ON REHEARING.

MacINTYRE, J. There being no specific evidence of insanity at

the very time of the transaction, the plaintiff, under the particular facts of this case, was entitled to have submitted to the jury both the questions whether the continuity of insanity was presumed under the evidence from proof of habitual or what is sometimes called permanent or chronic insanity, and *also* whether the continuity of insanity was presumed to exist under the evidence of proof of temporary lapse of sanity, that is, temporary insanity. The rule with reference to the former rule is different from the latter, and the latter rule which the court failed to give, is: "The party who asserts that a person who had suffered a temporary lapse from sanity was insane at the time of the transaction in question must bear the burden of proving the same; he can not rely upon any presumption that the mental condition, once shown to exist, will be presumed to have continued." 28 Am. Jur., 752, § 122. "The law of it [the case] must be given in substance to the jury, because if it is not given, the general verdict they give is not upon law, the law of the case, but on facts without instructions on the law of the case. The ship is at sea without chart or pilot, and can never reach the port to which it is bound without their guidance. The verdict can never be a legal verdict unless instructions on the law of the case be given by him who presides for that purpose. The omission to cover the case substantially must always set it aside. . . . So from an early date this court has uniformly held that the law of the case must be given the jury to the extent of covering the substantial issues made by the evidence [and the pleading], whether requested or not, or attention be called to it or not; otherwise the verdict will be set aside." *Central Railroad* v. *Harris, 76 Ga. 501,* 510.

*Judgment adhered to. Broyles, C. J., and Gardner, J., concur.*