STOW *v.* HARGROVE, administratrix, *et al.*

ATKINSON, Justice. 1. "Fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence." Code, § 37-706. "Great inadequacy of consideration, joined with great disparity of mental ability in contracting a bargain, may justify equity in setting aside a sale or other contract." Code, § 37-710. Under the latter principle, a deed may be set aside in equity, on proof of the two elements stated, "without proof of anything else" as to fraud. *Pye* v. *Pye,* 133 *Ga.* 246 (65 S. E. 424). *A fortiori,* the same rule would apply with at least equal force in case of such mental disparity and a total absence of consideration. Code, § 20-107; *Witt* v. *Sims,* 140 *Ga.* 48 (5a) (78 S. E. 467).

2. The petition in this case alleged: "That if the signature of the said Mary Pitman was procured to said alleged deed, same was without consideration and there was and is no consideration for the same, and same was procured by the said defendant through fraud and undue influence practiced upon her by the defendant, he being a practicing attorney, a college graduate, and a lawyer of experience and ability, and she being bedridden at the time, eaten up with cancer, and about eighty or eighty-two years old, and illiterate, and unable to read or write. That if it should be shown that she signed the same, the procuring of said deed and of her signature to the same was and is a fraud upon the said Mary Pitman and upon your petitioner, practiced by the defendant, and said deed is void and same should be canceled by a court of equity." *Held,* that as against a general demurrer these allegations were sufficient to show such fraud on the part of the defendant as would, if proved, authorize a cancellation of the deed. See, in this connection, *Causey* v. *Wiley,* 27 *Ga.* 444; *Stanley* v. *Stanley,* 179 *Ga.* 135 (175 S. E. 496); *Trustees of Jesse Parker Williams Hospital* v. *Nisbet,* 191 *Ga.* 821 (2) (14 S. E. 2d, 64).

(*a*) The foregoing allegations do not constitute bare allegations of fraud without stating facts, so as to bring the case within the rule stated in *Manget Realty Co.* v. *Carolina Realty Co.,* 169 *Ga.* 495 (1) (150 S. E. 828), and similar cases.

3. Also, the allegation, made on information and belief, "That the said Mary Pitman did not sign said deed conveying said property to the said Frank Stow and that the same is not her act and deed," was sufficient, as against a general demurrer, to show that the deed was a forgery. *Allen* v. *Allen,* 196 *Ga.* 736 (7), 747 (27 S. E. 2d, 679). As to the right to cancellation on this ground, see Code, § 37-1407; *Smith* v. *Burrus,* 139 *Ga.* 10 (1) (76 S. E. 362).

4. Notwithstanding the deed had been recorded, the plaintiff was not required to file an affidavit of forgery under the Code, § 29-415, but could assail its genuineness by the above-quoted allegation, thereby assuming the burden of disproving its genuineness. *Haithcock* v. *Sargent,* 145 *Ga.* 84 (88 S. E. 550).

(*a*) The court did not err in overruling the general demurrer to the petition. *Echols* v. *Green,* 140 *Ga.* 678 (4) (79 S. E. 557).

5. Forgery, like fraud or any other fact, may be proved by circumstantial

evidence. *Cowart* v. *Strickland,* 149 *Ga.* 397 (3, 4, 5) (100 S. E. 447, 7 A. L. R. 1110).

6. While the evidence as to declarations, claimed to have been made by Mary Pitman to the effect that she had not made a deed to any one before executing the deed to Will Mayfield (original plaintiff), was hearsay and without probative value as against the defendant, it was apparently admitted without objection, and the mere fact that such evidence was admitted would not vitiate the verdict. As to the effect of such declarations, see *Blalock* v. *Midland,* 87 *Ga.* 573 (5) (13 S. E. 551); *Dozier* v. *McWhorter,* 117 *Ga.* 786 (4) (45 S. E. 61); *Higgins v. Trentham,* 186 *Ga.* 264 (1) (197 S. E. 862).

7. Nor would the fact that some of the evidence was merely impeaching in character, and therefore could not be considered for the purpose of establishing an affirmative contention (*Watts* v. *Starr,* 86 *Ga.* 392, 12 S. E. 585), afford cause for setting aside the verdict if it was otherwise supported.

8. The credibility of a witness is a matter to be determined by the jury under proper instructions from the court. Code, § 38-1805. "Where a disinterested witness, who is in no way discredited by other evidence or his own, testifies from his own knowledge to a fact which is not in itself improbable or in conflict with other evidence, the witness is to be believed, and the fact testified to is to be taken as legally established. But this does not mean that the jury is bound in every case to accept evidence as true although it is not contradicted by direct evidence. It may be inherently subject to discredit, or so from the circumstances." *Lewis* v. *Patterson,* 191 *Ga.* 348, 357 (12 S. E. 2d, 593).

9. The evidence as to the "contract," which the defendant claimed was signed by Will Mayfield, including comparison of signatures, presented an issue for determination by the jury as to the genuineness of such instrument. Code, §§ 38-701, 38-708, 38-709; *Gibson* v. *Gibson,* 54 *Ga. App.* 187 (2) (187 S. E. 155).

10. There was sufficient competent evidence, though circumstantial in nature, to authorize a finding in favor of the plaintiff, either that the deed under which the defendant claimed was without consideration and was procured by fraud as alleged, or that it was never in fact executed by the purported grantor and, under the evidence, it was a question for the jury as to which if either of these attacks was sustained. Since both theories were thus supported by evidence, there was no error in submitting both issues to the jury for their determination.

11. The evidence did not demand a finding, upon any theory, that the plaintiff was barred for failure to do equity. The evidence authorized the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents, and Candler, J., disqualified.*

Atkinson, Justice, dissenting. I concur in all the rulings made in the preceding syllabus, prepared at the request of the court, except that I cannot agree that the evidence was sufficient to authorize a finding that the deed in question was a forgery or to authorize the charge submitting that issue to the jury. The charge was erroneous, for the reason that

it was not supported by evidence, and because of such error a new trial should have been granted.

No. 16103. APRIL 17, 1948. REHEARING DENIED MAY 14, JUNE 11, 1948.

750

752

*Joseph G. Collins*, for plaintiff in error.
*Johnson & Johnson*, contra.