32876. MENDENHALL *et al. v.* NALLEY.

Decided May 3, 1950.

520

J. *Walter LeCraw, John H. Hudson*, for plaintiffs in error.

J. *H. Kennerly*, contra.

GARDNER, J. ■ The evidence was in sharp conflict on all material points, and, while there is sufficient evidence to have authorized a verdict for the defendants, the jury resolved the issues of fact in favor of the plaintiff, and this court is without jurisdiction to set aside, on the general grounds, a verdict supported by some evidence.

The testimony of the plaintiff, Nalley, the only witness in his behalf, was not so self-contradictory, vague or equivocal as to require the reversal of a verdict in his favor.

■ Special ground 4 assigns error because the court failed to charge "that the contract would not be a completely performed contract on the part of Nalley until he had finished putting down iron pins at the corners of the said lots," and that if the jury found that he had not fully performed he "would not be entitled to recover the balance of the payment under such contract until the completion of his services by putting down such iron pins on said lots."

Counsel for the defendants contend that failure so to charge deprived them of their "sole defense" on the main issue. In support of this ground they cite: *Central Railroad v. Harris*, 76 *Ga.* 501, *Community Loan & Investment Corp.* v. *Bowden*, 64 *Ga. App.* 175 (12 S. E. 2d, 421), and *Horne* v. *Neill*, 70 *Ga. App.* 602 (29 S. E. 2d, 275). These cases were all reversed for failure to charge the law covering a substantial issue in the case.

In the instant case, in charging the contentions of the parties, the judge stated that the defendants claimed that "the plaintiff did not perform this part of his contract, in that he did not put down iron pins or stakes at the corners of the lots of said subdivision, with the exception of a few, approximately 49 lots."

In charging on the burden of proof, the judge charged that the burden was on the plaintiff to prove performance and that "if you find that the plaintiff has not proved to your satisfac-

tion, by a legal preponderance of the evidence, as given you in charge, that he has performed his contract and is entitled to his money, then you would find a verdict for the defendants in the main suit."

In *Central Railroad* v. *Harris,* supra, the court said: "Where the judge gives in charge substantially the law covering the case, if more specific instructions on any point are desired they should be asked." In the absence of request for more specific instructions, and in view of those portions of the charge dealing with the contentions of the parties and the burden of proof set out above, and the charge as a whole, this ground shows no cause for reversal.

■ ▪Special grounds 5, 6 and 7 will be considered together. Special ground 5 assigns error on the following charge: "If you find a verdict in favor of the plaintiff, I charge you that he would be entitled to interest on his money from such date as the money was due him until the present time at seven percent, which is the legal rate of interest in Georgia." It is contended that this charge cut off any deliberation by the jury as to whether the plaintiff would be entitled to interest under the facts of the case, treating it as a settled question, that, if the jury found for the plaintiff on the principal debt, they would automatically award interest, totally ignoring the question of whether there had been such a demand for payment or whether the nature of the debt was such, as a promissory note with a definite "due date," that interest should be thus automatically awarded. Special grounds 6 and 7 assign error on the failure to charge applicable Code sections, ground 6 on the failure to charge Code § 57-107, "In the absence of an agreement to the contrary, interest shall not run until default," and ground 7 on the failure to charge § 57-111, "All accounts of merchants, tradesmen, mechanics, and all others, which by custom become due at the end of the year, shall bear interest from that time upon the amount actually due whenever ascertained."

We agree with the contentions of counsel for the defendants in this respect, that the quoted excerpt from the charge, which is the only part of the charge relating to interest, was error. It is not necessary to decide whether the Code sections which are the basis of grounds 6 and 7 should have been charged ver-

batim, but the charge as given was too broad and did ignore substantial issues. The evidence was in conflict as to whether there had been any demand prior to commencement of the action, and the jury were not instructed as to what might have been the effect of such a demand, if they found that one had been made, nor how they were to determine the "due date" of the debt.

In this connection see *Atlantic Coast-Line R. Co.* v. *Henderson Elevator Co.*, 18 *Ga. App.* 279 (88 S. E. 101), where a similar charge in a case involving an unliquidated demand was held to be error.

In support of his contention that the verdict should be allowed to stand as to the interest awarded, counsel for the plaintiff cites *Berry* v. *Royal*, 152 *Ga.* 425 (110 S. E. 167). In that case, the jury had found for the plaintiff, but did not award interest, and the case was remanded with instruction that interest be included in the judgment. The demand in that case, as is pointed out by counsel for the defendants, was liquidated, and nothing there held requires a ruling different from the one here made.

Except as indicated in the foregoing ruling as to the charge on interest, the court did not err in overruling the motion for a new trial, and the judgment is affirmed with direction that the plaintiff write off from the verdict and judgment the $224.95 included as interest, within ten days from the date the remittitur is received in the court below, otherwise the case will stand reversed.

*Judgment affirmed with direction. MacIntyre, P. J., and Townsend, J., concur.*