### 36170. BANKS v. THE STATE.

Bowles, Justice.

John M. Banks was indicted for the murder of Angela Wilson, and for two counts of aggravated assault against Rhonda Hightower and Monica Ward. Following verdicts of guilty he was sentenced to life imprisonment for the murder and ten years on each aggravated assault charge. His motion for new trial was denied and he appeals to this court.

We affirm.

1. Appellant contends, based on general grounds, that the verdicts are contrary to the evidence and without evidence to support them. His contention in that respect is totally without merit. The evidence at trial showed that three separate instances occurred in Atlanta, Georgia on May 7, 1979 in which appellant assaulted three teen-aged girls, killing one of them, shooting another and pointing a gun at the third. One of the victims, a 15-year-old, was walking down a public street during the afternoon when she observed appellant driving slowly behind her in a brown Camaro automobile. The driver pulled up near to her and parked adjacent to the curb. As this victim walked by on the passenger side appellant got out of his car, looked at the back tires and reached under the car seat. He pulled out a gun and stated to the victim "Get in my car or I will shoot." As the victim ran toward the house of a friend appellant fired one shot missing her and upon firing a second time struck her in the right arm. He subsequently fired additional gunshots. This victim

identified appellant in a police line-up as the man who shot her. On that same day a second victim near the scene of the first shooting, was sitting on the front steps of Sylvan High School waiting for her mother to pick her up. The victim noticed a brown Camaro drive by and circle around the block more than once. The car then pulled up to the school sidewalk to within approximately seven feet of this victim. A man pointed a gun out the passenger side window at the victim and told her to get in his car or be shot. The victim then ran behind the car and across the street. As she fled she observed the license tag on the car. The man sat there a few seconds and drove off. Later that same day 17-year-old Angela Wilson visited a local shopping center to buy some diapers for her baby. A brown Camaro was seen parked near the Woolco Store in the shopping center with the door standing open. Employees of the store heard a scream and saw appellant pulling the third victim by the arm and shirt toward his car. The victim broke loose and ran across a nearby street. As she did appellant caught up with her and grabbed her arm a second time. He then pulled out a gun and shot her twice, in the head and side as she struggled to free herself. He then pointed his gun at certain employees and drove away. Upon an Atlanta police officer being called to the scene, the third victim was found lying on the sidewalk across the street from the parking lot entrance. The investigating officer recovered a .38 caliber bullet near the victim's body. Although this victim was hospitalized she died a short time later from a gunshot wound which entered the top of her head, passed through her brain and exited through the left ear. Pursuant to the license tag information and witness accounts a warrant was issued for appellant. A brown Camaro with the identified license tag number was stopped later that night by police officers. Appellant was a passenger in the car at the time it was stopped. The officers searched appellant and noticed a shirt lying between the seat belt apparatus and the back of the vehicle a few inches from appellant's leg. One of the officers picked up the shirt and as he did so a .38 revolver fell out. Appellant was arrested and made an oral statement to Lt. W. K. Perry who was in charge of the homicide squad. Appellant made a written statement the next morning. At trial, following a Jackson v. Denno hearing, the court ruled the statement was freely and voluntarily given. In this statement appellant admitted his prior activities on the day under investigation. A State Crime Lab expert conducted tests on the bullet and the pistol. Testimony was offered that the tested bullet was fired from appellant's gun. Other pertinent evidence was also introduced which together with the above clearly proved Banks' guilt on all counts. We conclude that any rational trier of fact could determine that all three offenses were proven beyond a reasonable

doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends that the gun taken by the police officer at the time of the arrest should not have been admitted in evidence saying that it was obtained by the officer through an impermissible search of defendant's car. This contention is without merit. At the time of his arrest the investigating officers had obtained a warrant based on the investigation of the case made to that point. A law officer testified that when the car was stopped he went to the passenger side and searched a suspect who was appellant. He required him to lean against the car with the door open and based on the information he had obtained regarding appellant's activities during the day he had reason to believe there might be a pistol in the vicinity of the arrest. The officer testified that as he was searching appellant he noticed the shirt as above recited. The officer was making sure there was no weapon hidden there when the gun fell out. He testified further that he picked the shirt up for his own protection. The State admits that no search warrant had been issued at the time of the arrest. There is no evidence that the automobile was searched as such, but the preliminary search to find the gun was made incident to arrest which is entirely proper. It is reasonable that when a lawful arrest is made the arresting officer may remove any weapons that the suspect might seek to use to try to resist arrest or to escape. Further it is reasonable for an officer to search an area surrounding the arrest area into which a suspect might reach to obtain a weapon. Chimel v. California, 395 U. S. 752 (89 SC 2034, 23 LE2d 685) (1969); *Moody v. State,* 244 Ga. 247 (260 SE2d 11) (1979).

3. Appellant contends that the trial court erred in granting the State a directed verdict on the issue of whether or not defendant was competent to stand trial. Prior to trial appellant filed a special plea of insanity and asserted that he was incompetent to stand trial. A special hearing was conducted before a jury to determine appellant's competency. At this hearing appellant called as a witness Dr. Lloyd Baccus who had been designated by court order to determine his mental competency. Dr. Baccus testified that he did not find any previous symptoms of problems but diagnosed his history and symptoms as being "consistent of adult situation reaction characterized primarily by depression." He concluded that appellant understood the charges he faced, that he was aware of the penalty arising therefrom, and further that he was capable of communicating with counsel. Although he might not be able to remember certain events, he had the intellectual and communicative skill to be able to speak logically and coherently. It was also the doctor's opinion that Banks possessed "those elements of capacity to

understand the proceedings, appreciate the roles of various officers of the Court, communicate effectively and rationally and appreciate the consequences of the proceedings." Appellant also called a witness who testified that at times appellant appeared to be two different people and that he did not remember what had happened on the day in question. Another witness stated that she had not seen him during the past three weeks but that he had seemed disturbed prior to that time. Counsel for appellant testified that he had been difficult to deal with and did not seem to remember what had happened. She testified further that he was irrational and had not actually assisted her in his defense. Under our law, Code Ann. § 26-606, every person is presumed to be of sound mind and discretion although that presumption may be rebutted. The trial of a special plea of insanity is in the nature of a civil proceeding and the burden of producing evidence is on the defendant. *Bacon v. State,* 222 Ga. 151, 153 (149 SE2d 111) (1965). Where there is no evidence to support the defendant's contention, it is not error to direct a verdict. *Williams v. State,* 238 Ga. 298 (232 SE2d 535) (1977). The issue raised in a plea of mental incompetency to stand trial is whether an individual is capable of understanding the nature and object of the proceedings, whether he comprehends his own condition in reference to such proceedings and whether he is capable of rendering his counsel assistance in providing a proper defense. *Brown v. State,* 215 Ga. 784, 787 (113 SE2d 618) (1960). A directed verdict may be granted by the court where there is no conflict in the evidence as to any material issue and in making all reasonable deductions from the evidence introduced, a particular verdict is demanded. Code Ann. § 81A-150. Examining the evidence offered in support of appellant's plea in this case we find that there is no conflict on any material issue. Inability to remember is not insanity, for if it were all of us would be suspect. See *Reeves v. State,* 234 Ga. 896 (218 SE2d 625) (1975). The test on a special plea of insanity is whether or not the movant is incompetent to stand trial at the particular time of the trial of the special plea and not whether or not he has lack of memory relating to some prior specific event. If he understands the proceedings and can assist in his defense the special plea of insanity cannot be sustained. The question is not whether he will assist in his defense, but whether he is capable of doing so. There is no merit in this contention.

4. Appellant contends that the trial court erred in refusing to exclude jurors who had formed an opinion in the case before trial. Each member of the jury was questioned individually and each stated that he or she could be fair and impartial and render a verdict based on the evidence presented in court. The record does not show that any prejudiced jurors were permitted to remain on the jury.

5. Appellant contends that the trial court improperly overruled his counsel's objection to the use of Code Ann § 59-806 (4) which allows the exclusion of potential jurors who answered affirmatively to the question, "Are you conscientiously opposed to capital punishment . . ." Irrespective of the validity or invalidity of such ruling by the trial court, "appellant was not sentenced to death, and therefore has no standing to complain of this feature." *Wingfield v. State,* 231 Ga. 92, 93 (200 SE2d 708) (1973); *Gaston v. Caldwell,* 229 Ga. 255 (190 SE2d 54) (1972).

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 25, 1980 — DECIDED JULY 16, 1980.

*Thurbert E. Baker,* for appellant.

*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney, Arthur K. Bolton, Attorney General, Mary Beth Westmoreland, Staff Assistant Attorney General,* for appellee.