## 67727. DAVENPORT v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant, Marque P. Davenport, was indicted for and convicted of the offense of burglary. He brings this appeal. *Held*:

1. Error is enumerated in the trial court's direction of a verdict as a matter of law that the defendant was mentally competent to stand trial. A hearing was held May 4, 1982, under the provisions of Code Ann. § 27-1502 (now OCGA § 17-7-130 (a)), as to the mental competency of the defendant to stand trial. That section provides, in part: "Whenever a plea is filed that a defendant in a criminal case is mentally incompetent to stand trial, it shall be the duty of the court to cause the issue of the defendant's mental competency to stand trial to be tried first by a special jury." This hearing "is an inquiry into whether the defendant at the time of trial is capable of understanding the nature and object of the proceedings against him and is capable of assisting his attorney with his defense." *Brooks v. State*, 247 Ga. 744, 745 (279 SE2d 649). Such hearing is not a part of the criminal proceedings but is civil in nature. *Lingo v. State*, 224 Ga. 333, 340 (162 SE2d 1). Under Georgia law every person is presumed to be of sound mind and discretion, although that presumption may be rebutted. Code Ann. § 26-606 (now OCGA § 16-2-3). The burden of proof that he is mentally incompetent is upon the defendant. *Banks v. State*, 246 Ga. 178, 181 (269 SE2d 450). If there is no evidence to support the defendant's contention, it would not be error to direct a verdict for the State. *Williams v. State*, 238 Ga. 298 (3) (232 SE2d 535). "A directed verdict may be granted by the court where there is no conflict in the evidence as to any material issue and in making all reasonable deductions from the evidence introduced, a particular verdict is demanded." *Banks v. State*, 246 Ga. 178, 181, supra.

In the instant case, the only evidence offered by the defendant was his own testimony that he had never been evaluated by a psychologist or a psychiatrist, and had never been treated for any mental deficiency or mental disease. He considered himself to be competent. His examination and cross-examination showed he was aware of the nature of the proceedings, he understood and fully answered all questions put to him. His counsel stated for the record that he had not assisted in the preparation of his defense. The defendant testified that he had requested his counsel to subpoena a witness.

Turning to this last issue first, "[t]he question is not whether [the defendant] will assist in his defense, but whether he is capable of doing so." *Banks v. State*, 246 Ga. 178, 181, supra. We have found no conflict in the evidence as to any material issue. Starting from the presumption of mental competency, the absence of any evidence to establish a lack of mental competency, and drawing all reasonable de-

ductions from the evidence introduced — a verdict was demanded for the State that the defendant was mentally competent. Accordingly, we find no error in the direction of a verdict for the State.

2. It is contended that the confession of the defendant was invalid because it was "obtained by the promise of reward." Counsel states that there was "testimony given by police investigator Smith to the effect that the Defendant was told he would be helped any way the investigator could help him in return for a confession." Counsel has not cited us to the place in the record where such testimony could be found and our review of the record reveals no such testimony. To the contrary, Officer Smith testified at the Jackson-Denno hearing: "Q. Did you offer him any promises? A. I offered him nothing. Q. Did you make any threats to him? A. I did not." After the trial judge reached a preliminary finding of admissibility, Officer Smith testified before the jury and was asked: "Q. Did you offer him the remotest fear of injury? A. No, I did not. Q. Or the remotest possibility of reward? A. No, I did not. Q. Did he give you the statement freely and voluntarily? A. Yes, he did."

This Court has held on numerous occasions that " '[t]he burden is on him who asserts error to show it affirmatively by the record' [cit.], and this cannot be done 'by evidentiary assertions . . . in enumerations and briefs.' " *Holzmeister v. State*, 156 Ga. App. 94 (1) (274 SE2d 109); accord *Marshall v. State*, 239 Ga. 101 (2) (236 SE2d 58). Nothing is presented for review.

3. It was not error for the trial court to deny a motion for new trial based upon the allegations of error addressed in Divisions 1 and 2, above.

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED APRIL 9, 1984.

*Teddy R. Price*, for appellant.
*Robert E. Wilson, District Attorney, Susan Brooks, Margaret H. Thompson, Assistant District Attorneys*, for appellee.