## 71895. NELSON v. STATE FARM LIFE INSURANCE COMPANY.
(344 SE2d 492)

BIRDSONG, Presiding Judge.

Plaintiff, Geary Nelson, appeals from a grant of summary judgment to the defendant, State Farm Life Insurance Company. Geary Nelson and Margaret Brown were married in 1974 or 1975 and had four children. They were divorced on June 21, 1977. Margaret took out a life insurance policy on her life on September 21, 1979, with State Farm, and listed Geary Nelson as her husband and beneficiary. Geary stated that he and Margaret agreed that they would name each other as beneficiary on their life insurance policies so that the money could be used for the support of their children. He has never taken out a life insurance policy.

Margaret and Geary lived in and around Brunswick during their marriage. After their divorce, Margaret moved several times and finally went to Atlanta with their children. Geary stayed in Brunswick

and said he saw the children occasionally on weekends and kept them whenever Margaret "went in the hospital." He said she was the "sickly" type. Early in 1983, Margaret discussed making a change in the beneficiary of her life insurance with the State Farm agent. The agent said she discussed it over a period of several weeks and advised him that if she died, she wanted the insurance proceeds to "benefit her children." On March 11, 1983, Margaret executed a change of beneficiary with the State Farm insurance agent naming "Alexander (NMN) Crawford 65 Brother" as her new beneficiary. This change was in effect on September 12, 1983 when Margaret died. State Farm made full payment to Crawford, who apparently was not Margaret's brother, but was her minister. Crawford explained that the members of his church referred to themselves as "brothers and sisters in Christ. . . ." The State Farm insurance agent recognized Crawford as a person who had made several of the premium payments on Margaret's insurance policy, and, at one time with his personal check. Geary brought this action against State Farm for the proceeds of the life insurance policy and brings this appeal from the grant of summary judgment to State Farm. *Held*:

1. State Farm produced positive and uncontradicted evidence by its agent that Margaret Brown Nelson signed the change of beneficiary form designating Alexander Crawford as her new beneficiary. The same agent testified to the mental and physical well being of Margaret Brown Nelson for a period of weeks prior to the execution of the change of beneficiary form. These established facts pierced the pleadings of the plaintiff and, unless contradicted by other evidence, authorized the grant of summary judgment for State Farm.

Geary Nelson testified it had been around six years since he lived with his wife, approximately in 1977 or 1978. He saw her occasionally when he visited the children, or kept the children on weekends, or when his wife entered the hospital. He was of the opinion that Margaret was "unstable . . . she had a nervous condition and making deep decisions she couldn't do that. . . ." He informed the State Farm agent that Margaret "had not been in her right mind to sign those papers" changing her beneficiary. She was "irrational" and must have been "brainwashed." Geary was asked whether his testimony that his former wife "was brainwashed and incompetent and mentally unstable . . . is based upon the fact that she changed the beneficiary form on the insurance policy." He responded: "Not necessarily, because she was like that whether or not if she [sic] have changed it or not. She was still a raging type young lady."

The cardinal rule in our summary judgment procedure is that a trial court can neither resolve conflicting facts nor reconcile the issues, but can look only to ascertain if there is an issue. *Fletcher Emerson Mgt. Co. v. Davis*, 134 Ga. App. 699, 701 (215 SE2d 725).

One of the tenets of our contract law is that a party must be able to contract. OCGA § 13-3-1. However, "[e]very person is presumed to be of sound mind and discretion but the presumption may be rebutted." OCGA § 16-2-3. For this reason our courts start with the general rule that "[e]very man is presumed to have all his mental faculties and to be of normal and ordinary intelligence, and where it is contended that one who executed a contract was not competent to execute it, the burden is upon him who asserts the incompetency. Mental or physical impairment is never presumed. It must be proved." *Gulf Life Ins. Co. v. Wilson*, 123 Ga. App. 631, 632 (181 SE2d 914). "In order to void a contract on the ground of mental incapacity of the maker, he must have been *non compos mentis*, that is, entirely without understanding, at the time the contract was executed." *Jones v. Smith*, 206 Ga. 162 (8a) (56 SE2d 462). It is also the policy of Georgia law, wherever possible, to uphold contracts and to uphold the capacity of one to enter into a contract. *Gulf Life Ins. Co.*, supra, at 633. Further, even proof of a temporary loss of sanity or competency would create no presumption that it continued up to the time of execution of the contract, and the burden remains on the party alleging incapacity to show such incapacity at the very time of the transaction. *Community Loan &c. Corp. v. Bowden*, 64 Ga. App. 175 (1) (12 SE2d 421).

We find the evidence presented to the trial court to be insufficient to raise an issue of mental competency of Margaret Brown at the time of execution of the change of beneficiary. See *Jones*, supra at 166; see also *Banks v. State*, 246 Ga. 178 (3) (269 SE2d 450); *Davenport v. State*, 170 Ga. App. 667 (1) (317 SE2d 895). The record is devoid of any evidence of any "mental illness" of Margaret Brown. OCGA § 37-3-1 (11). The only evidence of record of competency of Margaret Brown at the time she executed the change of beneficiary was that of the State Farm agent, and it supports the ruling of the trial court. This enumeration is without merit.

2. As stated above, State Farm produced positive and uncontradicted evidence by its agent's testimony that Margaret Brown signed the change of beneficiary form. Nelson contends there is an issue of fact as to whether the insured's signature on the form is genuine. We do not agree. Nelson testified that he had "a little doubt" the signature was that of his former wife. He was of the opinion that she formed her "r's" and "n's" better than that. But, he finally concluded: "I guess from her condition she could've did [sic] it. But to me, it don't [sic] really, you know, appears [sic] to be her writing." This equivocal testimony of a party raises a special problem on motion for summary judgment.

On motion for summary judgment, regardless of which party has the burden of proof at trial, the burden is on the movant to show there is no genuine issue of material fact, and all evidence adduced on

the motion is to be construed most strongly against the movant. *Fiumefreddo v. Scudder*, 252 Ga. 279, 280-281 (313 SE2d 683). Where such evidence is ambiguous or doubtful, the party opposing the motion is to be given the benefit of all reasonable doubts and favorable inferences that can be drawn from the evidence. Id. at 283. However, it is only in cases in which the respondent's testimony is in direct contradiction as to a material fact "that the party's unfavorable testimony [will] be taken against him." Here, the respondent's testimony is not "directly contradictory," but was intentionally and deliberately evasive. Such equivocal circumstantial evidence that the signature on the change of beneficiary form may, or may not, have been the signature of the insured is a "mere inconclusive inference" and is insufficient to get Nelson by State Farm's motion for summary judgment in face of State Farm's evidence consisting of the positive, uncontradicted testimony of an eyewitness that the insured did sign the change of beneficiary form. *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776, 781 (257 SE2d 186).

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED APRIL 7, 1986.

*Edward E. Boshears*, for appellant.
*John E. Bumgartner*, for appellee.